WILLIAM SCHAFROTH, Plaintiff in Error, *v.* PETER AMBS AND CATHERINE AMBS, Defendants in Error.

1. *Married women — Separate estate can not be acquired by husband permitting wife to collect rents, issues, etc.* — When the deed does not by its terms vest a separate estate in a married woman, the marital rights of her husband in the estate conveyed can not be alienated or defeated, *dehors* the deed, merely by his permitting her to hold and enjoy the property and collect and apply the rents, issues, and profits to her own use; nor can the wife in that way acquire a separate property in such estate.

*Appeal from St. Louis Circuit Court.*

*Sharp & Broadhead*, for plaintiff in error.

I. The petition alleges in precise, apt terms: 1. That the property was conveyed to Mrs. Ambs before her marriage with defendant Peter Ambs, and while she was discovert. 2. That upon said marriage with defendant Peter, she assumed the separate use and enjoyment of said property, and has ever since had the sole and separate use thereof. 3. That the husband assented, upon said marriage, to her sole and separate holding and use of said property, and has ever since said marriage concurred in this separate use and holding to which he had given his assent. These facts, upon the plainest principles of equity, create in Mrs. Ambs a separate use in this property cognizable in a court of equity. (See this case, *ante*, p. 114; Richardson's Adm'r v. Estate of

Merrill *et al.*, 32 Verm. 37; Porter v. Bank of Rutland, 19 Verm. 410; McKennan v. Phillips, 6 Whart. 576; Garlick v. Strong, 3 Paige, 440; Strong v. Skinner, 4 Barb., S. C., 546.) And this ruling commends itself to a court of equity upon grounds of soundest morality and policy, and is entirely analogous to the long-settled rules of administering equity in similar subjects.

II. It is equally a well-known doctrine of equity that parties will be held bound to the natural and necessary interpretation of their own acts and declarations, even between themselves, when interests have been based thereon, and undeniably where the rights of third parties have intervened. To vindicate the rights of parties contracting with the wife upon the faith of her separate ownership of and power to bind this property, requires but the application of the same principles and practice long adopted by courts of equity upon the analogous subject of property employed by a married woman engaged ostensibly as a sole trader. Courts of equity at an early day held that, by agreement between the husband and wife, the latter might be enabled to conduct a business as a sole trader, and the property employed in such business and the proceeds thereof would be treated as her separate estate, and the rights of parties contracting with her vindicated therefrom. And now for a long time it has been the settled rule that if the husband permits her to carry on the occupation as though she were a sole trader, the same separate rights will be held to attach to the property employed and the proceeds of the business as though the actual agreement had been made, which their acts and dealing justify the world in believing had been made. Coughlin v. Ryan, 43 Mo. 99, refers to this doctrine as perfectly analogous.

*H. A. Clover*, for defendants in error.

I. The bill or petition, as a proceeding in equity, is wholly insufficient to entitle the plaintiff to the aid and interposition of a court of equity.

II. A married woman is not chargeable upon her note executed when covert, either in law or equity, either as to her general or separate estate, unless the note on its face shows and expresses

an intention to charge her separate estate, or it is alleged in the bill and proven that the consideration for her indebtedness was incurred for the benefit of her separate estate. (Kimm v. Weippert, *ante*, p. 532 . The defendant, Catherine Ambs, never had a separate estate. Her estate was a legal estate.

III. From the pleadings as amended, after the reversal of this cause, it does not appear that the property described in the petition was held by defendant, Mrs. Ambs, in any separate or equitable estate. And this court, sitting as a court of equity upon the matters stated in said plaintiff's petition, can not render a decree for plaintiff subjecting the general estate of a married woman to the payment of her note.

CURRIER, Judge, delivered the opinion of the court.

The petition in this cause shows that the defendant, Mrs. Catherine Ambs, prior to her intermarriage with the other defendant, Peter Ambs, acquired the premises in question in her own right; that she has ever since occupied, used, and enjoyed the same, and the rents, issues, and profits, as her separate estate; that her after-taken husband, Peter Ambs, assented to, approved, and acquiesced in such separate use, holding, and enjoyment; and that both the defendants, at all times, at and after said marriage, treated said premises as the sole and separate estate of said Catherine Ambs. The petition is framed upon the theory that such separate holding, use, and treatment of said premises, and the rents, issues, and profits, had the effect to change the character of the estate created by the deed, and to convert it into a technical separate estate, released and discharged from the marital rights of said Peter Ambs. The correctness of this theory is brought in issue by a demurrer to the petition.

Since this case was here on a former occasion (*ante*, p. 114) the petition has been radically changed by amendment. It was averred in the original petition not only that Mrs. Ambs used and enjoyed the property as her separate estate, but also that a separate estate was created and vested in her by the original deed. And it was held that a separate estate might be vested in a *femme sole* by a deed of purchase, without the intervention of

trustees; and that was the extent of the decision on this point, although it was remarked that in the particular case then under consideration the subsequent holding, as shown by the pleadings, was in conformity to the terms of the deed, and apparently with the husband's consent. This circumstance was adverted to as showing a practical recognition and confirmation of Mrs. Ambs' separate rights under the deed, and not as fixing in her any rights in opposition to it. The deed was the essential thing; the rest was circumstantial. The plaintiff now, however, founds himself not upon the deed, but upon facts dehors the deed. He no longer pretends that the deed vested a separate estate in Mrs. Ambs, or that it was designed to have that effect. He claims, in substance, that Ambs lost his marital rights in the property in virtue of the alleged use and treatment of it subsequent to the marriage, coupled with his assent to and acquiescence in such use and treatment.

In Bradish v. Gibbs, 3 Johns. Ch. 523, it was decided that a mere agreement entered into before marriage, between the intended wife and the after-taken husband, that the former should have the power to dispose of her real and personal estate during coverture, would enable her to do so. In that case the disposition was by will, and the decision rests upon the fact that the antenuptial agreement conferred upon the woman the power to make such disposal. And it has been decided by this court (Coughlin v. Ryan, 43 Mo. 99) that where a wife held a leasehold at the time of her marriage, and her husband permitted her to hold and enjoy the property and collect and apply the rents and profits to her own use, the accumulation of such rents and profits would become her separate property, and descend to her heirs in opposition to the marital rights of her husband. But it does not appear ever to have been held that the marital rights of the husband in the real estate of his wife could be alienated or defeated in that way, or that the wife could in that way acquire a separate property in such estate.

The demurrer was properly sustained, and the judgment will be affirmed. The other judges concur.