*In re* GUENZLER.

1. **Execution Sale** : DEATH OF SHERIFF BEFORE EXECUTING A DEED : APPOINTMENT OF SUBSTITUTE. Under section 62 of the chapter on executions, which provides that on the death or removal of a sheriff after he has made a sale and before he has executed a conveyance, the court may appoint the sheriff then in office to execute and acknowledge a deed to the purchaser, the latter has only the same powers as the officer who made the sale would have had, if his death or removal had not intervened. R. S., § 2400.

2. ———: IN CASE OF CONVEYANCE BY PURCHASER BEFORE EXECUTION OF DEED. The court will not in a proceeding under this statute compel a sheriff to execute a deed to the grantees of a purchaser who has died. But it may in such case permit the sheriff to execute the deed to his legal representatives without naming them.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*Fred. Stumpf* and *James Neil* for petitioner.

*J. L. Thomas* & *Bro.* as *amici curiae.*

HOUGH, J.—On the 1st day of February, 1877, Christian Guenzler presented a petition to the circuit court of St. Louis for an order on the sheriff of Jefferson county to execute to him a deed in pursuance of section 62 of the chapter on executions. It appears from the petition that on the 29th day of November, 1848, at an execution sale

in the county of Jefferson, had under an execution issued from the circuit court of St. Louis county, and directed to the sheriff of said county of Jefferson, David W. Wright purchased certain real property and paid the purchase price thereof to the sheriff making said sale. Soon thereafter the sheriff died without having executed to said Wright a conveyance for said land. On the 31st day of March, 1869, David W. Wright conveyed a part of said real estate so purchased by him, to his daughter, Emily Hinton, and on November 29th, 1876, Emily Hinton conveyed to the petitioner a portion of the land so conveyed to her. David W. Wright died April 14th, 1876. The circuit court refused to make the order asked by the petitioner, and dismissed his petition. The court of appeals affirmed the judgment of the circuit court, and the case has been brought before us by writ of error.

The statute under which this application was made is as follows: "When any officer shall die, be removed from 1. EXECUTION SALE: death of sheriff before executing a deed; appointment of substitute. office or disqualified, or shall remove from this State after the sale of any property and before executing any conveyance therefor, the purchaser may petition the court out of which the execution issued, stating the facts, and if he satisfy the court that the purchase money has been paid, the court shall order the sheriff then in office to execute and acknowledge a deed to the purchaser, reciting the facts, which deed shall be executed accordingly, and shall have the same effect, to all intents and purposes, as if made by the officer so deceased, removed from office, disqualified or absent from the State." The sole object of this section is to provide an official grantor in lieu of the officer who made the sale, and whose duty it was to make the deed; and when a sheriff is ordered by the court, under this section, to make a deed to the purchaser, such officer would, in the execution of such order, have just the same powers, and none other, that the sheriff who made the sale would have had, had he not died.

If, during the life and official term of the sheriff who made the sale, Wright had died, after having conveyed the land purchased by him to grantees, who haa conveyed it to others, it certainly would not be pretended that it would have been the duty of the sheriff to search out the last grantee, or upon the application of such grantee, decide upon the genuineness, validity and effect of the various conveyances in his chain of title, and make a deed to such grantee. The law does not require nor would it countenance such a proceeding. If the petitioner is entitled to a deed from the sheriff for his portion of the land purchased by Wright, the several owners of the remainder of said land are also entitled to deeds from the sheriff for their portions, and from the facts stated in the petition, it is evident that two other conveyances at least should be made by the sheriff if applied for. If such a practice were to obtain, a sheriff instead of executing a single conveyance for a single tract of land sold by him, might in some instances be compelled to execute a hundred conveyances, and that, too at great risk to himself and to his sureties. A deed to the heirs of the dead man, without naming them, would suffice in many cases, and such a deed was upheld in *Swink v. Thompson*, 31 Mo. 336. But the sheriff would have no authority to determine who were the heirs of the deceased, and if the lands had been aliened, the heirs would be bound only according to the covenants of the ancestor. A conveyance to the legal representatives of the deceased purchaser would, perhaps, cover all cases, and would inure alike to the benefit of heirs, grantees or devisees. Patents are frequently issued by the government of the United States in this form, the original grantee or purchaser being dead. The chief objection to the demand of the petitioner is, that the courts cannot be required in *ex parte* proceedings, like the present, to determine who has the right to the legal title. We think it would be a reasonable construction of this statute to permit the sheriff, the purchaser being dead, to execute a deed to his legal representatives,

*2. ———: in case of conveyance by purchaser before execution of deed.*

without naming them. We are of opinion that the petitioner is not entitled, under the statute, to have a deed executed to him by the sheriff, and the judgment of the court of appeals will, therefore, be affirmed. All concur.