## KLENKE v. KOELTZE, *Appellant.*

1. **Practice**: REVIVAL OF SUIT: PROPER PARTY. If an action be revived against an executor alone, without objection on his part, he will not be heard after judgment and appeal to this court, for the first time to insist that the devisees ought to have been made parties, especially when it does not appear that there are devisees other than the executor himself.

2. **Married Woman's Separate Estate**: EVIDENCE. In determining whether a deed vests a separate estate in a married woman or not, the court is not limited to a construction of the deed itself. Resort may be had to the marriage contract if there be one; and if that deprives the husband of his marital right in her property, she will be deemed to take a separate estate.

3. **Marriage Contract.** A marriage contract is binding between the parties and their legal representatives, although not acknowledged or proved and recorded.

4. **Married Woman's Debts**: RIGHTS OF HER CREDITORS. The obligation of a married woman, who has a separate estate. when it is incurred, is not a lien or charge upon the property, until the creditor obtains a decree against it. After her death or that of her husband, her creditors on demands existing against her before marriage have an equal right to satisfaction of their demands out of what was her separate property with creditors who have no claim against her personally, but only demands which they may enforce against her separate property, while the latter class of creditors have no right whatever to satisfaction of their demands out of her general

property. Marriage suspends the rights of her creditors, then existing, to sue her alone and proceed against her separate or general property, but the dissolution of the marriage by the death of either husband or wife revives the right of her general creditors against her and her property. *Davis v. Smith, ante,* p. 219.

*Appeal from Osage Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*Smith & Krauthoff* for appellant.

*Belch & Silver* for respondent.

HENRY, J.—This suit was originally commenced by C. G. Holtschneider in the circuit court of Osage county, to charge certain real estate alleged to be the sole and separate property of Emilie, wife of August Koeltze, with the payment of a promissory note executed by her and her husband, in March, 1868. The execution of the note was admitted, but in her answer she denied that she had any sole or separate estate in any of the real property described, and alleged that she executed the note as the surety of her husband, while under coverture. August pleaded his discharge in bankruptcy, and no further steps were taken against him. Holtschneider and said Emilie both died during the pendency of the suit, and it was revived in the name of his administrator, against the executor of her last will and testament. It was proven that the note was given for property purchased by August Koeltze, and admitted that the property sought to be charged was, after her marriage, conveyed to Emilie by a general warranty deed in ordinary form, without any words therein creating a separate estate.

Plaintiff then introduced as evidence, against defendant's objection, the following instrument of writing: "This indenture of two parts made this 22nd day of October, A. D. 1857, by and between August Koeltze, of the first part, and Emilie Von Beck, of the second part, both parties

being residents of Cole county, and State of Missouri, witnesseth : That, whereas, a marriage is intended to be solemnized between the said parties of the first part and parties of the second part. That the parties of the second part doth reserve and have it distinctly understood that the amount of $3,000, now before solemnization, or after, being or coming into the hands of said parties of the second part, and of any personal or real estate, shall be reserved, kept and used to any purpose by the parties of the second part, now before, or after, solemnization, and that the parties of the second part shall have the full power to take the whole, or a part of said amount at any time, and dispose of, without any interference of the parties of the first part, or his assigns, heirs or administrators; and for a more and particular understanding, the parties of the second part shall, without any trouble whatsoever, molestation, private or lawful, for the parties of the first part, his heirs, assigns or administrators, be the only owners of the amount aforesaid specified, and shall have full power, control in all respects, to dispose, give away or otherwise act with said amount according to the pleasure of the parties of the second part.

In witness whereof, we have set our hands and seals this, the 22nd day of October, A. D. 1857.

A. KOELTZE,    [Seal.]<br>EMILIE VON BECK, [Seal.]

Signed and sealed in presence of:

HERMAN FEHRMAN.

J. C. JUSTUS CRUMBIGGI.

Filed January 21st, 1858.

G. A. PARSONS, Clerk."

It was admitted that Henry Klenke was administrator of Holtschneider's estate, and that August Koeltze was executor of the last will of Emilie Koeltze. This was all the evidence, and the court thereupon found for plaintiff, and rendered judgment that plaintiff have and recover of

the said executor of the last will of Emilie Koeltze $376.56, with interest, etc., and that the same be a charge upon said land, and that the clerk of the court certify a copy of the judgment to the county court of Osage county, having probate jurisdiction, for allowance and classification against the estate of said Emilie Koeltze, deceased.

It is contended by appellant's counsel that the judgment is erroneous, because, after the death of Mrs. Koeltze,
1. PRACTICE: revival of suit: proper party. the suit was not revived against any one but the executor of her will, and that the devisees to whom her lands were devised, should have been parties. The statute requires a suit, to which one of the parties dies, to be revived in favor of, or against, the representative of such party. Proper steps were taken under the statute to revive this suit against the legal representative of Mrs. Koeltze, and no objection, or suggestion, was made by the attorneys representing her, and after her death, her estate, that the executor was not such representative. The court determined that he was such representative. The land might have descended to heirs, or been devised, either to the executor or other persons, and if the executor was not the legal representative, a suggestion to that effect should have been made when steps were taken to revive the suit. It does not appear that the executor is not the devisee, and after standing by, and virtually conceding, throughout the trial, that he was the testator's representative as to these lands, it is now too late to raise the objection. Legal representatives are persons claiming title from a former owner of lands, whether by purchase or descent. *Bryan v. Wear and Hickman*, 4 Mo. 111; *In re Guenzler*, 70 Mo. 40.

The principal question in this case is, whether Mrs. Koeltze had a separate property in these lands. Certainly,
2. MARRIED WOMAN'S SEPARATE ESTATE: evidence. looking alone to the deed conveying them to her, she had no separate property, and the appellant's counsel contend that we are restricted, in determining whether she had a separate property in the lands,

to a consideration of that deed alone, and in support of that view rely upon the cases of *Paul v Leavitt*, 53 Mo. 598, and *Schafroth v. Ambs*, 46 Mo. 580. In *Paul v. Leavitt*, the evidence relied upon to establish a separate property of the wife in the land in controversy in that case, conveyed to her by deeds in the ordinary form without any words creating a separate estate, was, that the money of the wife was paid for the lands. and that the deeds were taken in her name in consequence thereof, and that her husband had acted as her agent in buying and selling lands, and that when he sold her lands he used the same money in buying others, and that the title was always taken in her name. In passing upon the question, the court, Wagner, J., observed : " The property was conveyed to her by deeds of general warranty, in the usual and ordinary form. They vested in her a title in fee, and that was all. The husband clearly had a marital interest in the property, and, therefore, there could be no separate estate." The court also observed that : " The instrument conveying the property must indicate such an intent ;" but this observation must be construed with reference to the case under consideration, in which no attempt was made to show a separate estate in the wife, but as above stated, and the reason the court gave why she had no separate estate was, that " her husband had a marital interest in the property." In *Schafroth v. Ambs*, the deed conveying the property to the wife did not give her a separate estate, but it was contended that her husband lost his marital rights in the property by virtue of her alleged use and treatment of it after the marriage, with his consent, as her separate property. In other words, the attempt was, by parol evidence, to convert that into a separate estate, which the deed had conveyed to her generally. Neither of those cases sustains the proposition, and the argument of the court in *Paul v. Leavitt* is against it.

Here, by a marriage contract under seal, entered into by Koeltze and Mrs. Von Beck, in contemplation of their

intermarriage, it was expressly agreed that the sum of
$3,000, then or after her marriage coming into her hands,
and any personal or real estate she then owned or might
afterward acquire, she should have the right and power to
dispose of, or give away, according to her pleasure, with-
out any interference of her husband.   We have not quoted
the precise language of the instrument, but stated its clear
and manifest import.   Had her husband any marital right
in the property?   Could he, or any creditor of his, in
the face of that agreement have successfully asserted a
marital right of the husband in the property?   If not, how
can it be contended that she had not a separate estate in
the property?   If her husband had no marital right in the
property it was because the ante-nuptial agreement pre-
vented it from attaching, because it vested in her a separate
property in any land she then owned, or might subse-
quently acquire.   This ante-nuptial agreement and the
deed are to be read together, and the former is as much a
part of the latter as a power of attorney is of the deed
executed under it.   The deed of an attorney in fact with-
out the power of attorney conveys no title, and a resort
to the ante-nuptial agreement may be had to ascertain how
a married woman holds property acquired in pursuance of
its stipulations.

Passing to the next question, " that the finding that
said contract was duly recorded, was not sustained by the
3. MARRIAGE CON-  evidence," and another objection, which may
TRACT.          be considered in connection with it, that it
was not acknowledged or proved by either of the subscrib-
ing witnesses, as required by sections 3280, 3281, 3282—
the objection made to the introduction of the agreement
as evidence was general and not specific.   This might dis-
pose of this branch of the case, but conceding all that ap-
pellant claims, how does it help his case?   Section 3282
expressly provides in the last clause, that such contract
shall be valid between the parties thereto and such as have
actual notice thereof, whether recorded or not.  The executor,

defendant and representative of Mrs. Koeltze, was a party to that contract, and had actual notice of its existence, and whether acknowledged or proved, or recorded, the contract is binding between the parties. *Logan v. Philips*, 18 Mo. 22.

In the case of *Davis v. Smith, ante*, p. 219, we had occasion to discuss the nature of the obligation of a *femme covert* who had a separate estate when it was incurred. It is not a lien or a charge upon the property, until the creditor obtains a decree against it. Her general creditors, on demands existing against her before marriage, after her death or that of her husband, have an equal right to satisfaction of their demands out of what was her separate property with creditors who have no claim against her personally, but only demands which they may enforce against her separate property, while the latter class of creditors have no right whatever to satisfaction of their demands out of her general property   Her marriage suspended the right of her creditors, then existing, to sue her alone and proceed against her separate or general property, but the dissolution of the marriage by the death of either the husband or the wife, revives the right of her general creditors against her and her property.   The law charges all her property with payment of these debts, while nothing but a decree of a court of equity makes debts incurred during coverture a charge upon her separate property.   The only effect of such a decree is to place such special creditors upon an equal footing with her general creditors as to her separate property, and this, and no other of her property, can they, under any circumstances, subject to the payment of their demands.

*4. MARRIED WOMAN'S DEBTS: rights of her creditors.*

Adhering, therefore, to what was held in *Davis v. Smith*, if the testatrix here had no other than separate property, the plaintiff's demand " stands upon the same footing as other unpreferred demands against her estate." If, however, there is other property belonging to her estate, the general creditors, exclusively, shall have satisfaction of

their demands out of that property, and, if that be exhausted, leaving a balance of her general indebtedness unpaid, her general creditors have an equal right with this special creditor to payment of such balance out of her separate estate. Not observing this distinction in the judgment rendered, which is in all other respects correct, the court erred, and the judgment is reversed and the cause remanded for further proceedings in conformity with this opinion. We cannot enter up the judgment which the court below should have rendered, for the reason that the facts are not before us which would enable us to do so. It does not appear that the testatrix had other property or not, and that fact must be ascertained, in order that a complete and perfect judgment may be rendered in the cause. Hough and Ray, JJ., concur; Sherwood, C. J., and Norton, J., dissent.