State of Missouri to the use of M. and E. Stevens, Respondent, *v.* Kevill & Waples, Appellants.

**March 23, 1885.**

1. Attachment—Liability on Attachment Bond as to Expenses of Suit.—Damages for expenses are not recoverable on an attachment bond, except such as the defendant would be legally liable to pay.

2. Same—Married Woman's Incapacity to Contract.—A married woman is wholly incapable of making any contract whatsoever, which will bind her personally or create against her a personal debt or obligation, and a married woman's promise to pay an attorney his fee would not be binding upon her. In a legal proceeding upon a personal contract altogether void at law, a married woman is not competent to employ an attorney to make defense in her own name.—Following *Musick* v. *Dodson*, 76 Mo. 624; *Higgins* v. *Peltzer*, 49 Mo. 152; *Williams* v. *Jemsen*, 75 Mo. 631.

Appeal from Jackson Circuit Court, Hon. Turner A. Gill, Judge.

*Reversed and remanded.*

The facts sufficiently appear in the opinion of the court.

William J. Scott, for the appellants.

I. A person need not necessarily be a party to a suit in order to be concluded by the judgment. If the wife were present at the suit by her attorney, claiming the goods, and cross-examined witnesses in regard to the

title, she should be concluded.—*Harvey* v. *Turner*, 46 Mo. 444; *Strong* v. *The Phœnix*, 62 Mo. 289; *Wood* v. *Ensel*, 63 Mo. 193; *Landis* v. *Hamilton*, 77 Mo. 555, and cases cited.

II. A party whose goods are not seized has no right to sue in the attachment bond.—Drake on Attachment, sect. 75, 65d; *Dorr* v. *Clark*, 7 Mich. 310.

III. A judgment in the attachment suit against the wife would be void. She has no right to employ attorneys and defend. The attorneys could not recover from her for their services.—*Higgins* v. *Peltzer*, 49 Mo. 152.

IV. The bond is given to cover damages, and if no damages to plaintiff by reason of the attachment are shown, she is not entitled to nominal damages for breach of the bond.—*State ex rel. Rose* v. *Case*, 77 Mo. 247.

JOHN W. BEEBE, for respondent.

I. The case shows that at the time the attachment was sued out, Mrs. Stevens was carrying on business in her own name at Kansas City, her husband being out of the jurisdiction. She employed attorneys to defend her in a case involving her separate interest. She could lawfully do so. It matters not that a judgment against her would be void. Process may issue on a void judgment and cause a great deal of annoyance and expense and necessitate legal proceedings to insure protection against it. She could, under the circumstances, bind herself for attorney's fees.

II. In any view of the case, appellants cannot assert that Mrs. Stevens had not capacity to employ attorneys to defend against their own suit. They cannot assume inconsistent positions in court. They are estopped from contending that a person whom they brought into court was powerless to defend the action. In the attachment bond they recognize her as *sui juris*; they are now estopped from claiming that she is not. It is true that want of mutuality may be urged, as a general rule, against estoppel; but as a party to a contract with a married woman may be bound, though she is not, so a married woman may plead estoppel against another,

though she may not be technically bound herself.—Rev. Stat., vol. I, sect. 3468; Bigelow on Estoppel, 3d ed., 396-601-562; *Grant* v. *White*, 42 Mo. 285; *State ex rel. McKown* v. *Williams*, 77 Mo. 463.

Opinion by Ellison, J.

The defendants brought suit by attachment, on an account for furniture, against the plaintiffs, who were then and are now husband and wife. This action is on the attachment bond given in that case and is prosecuted by the wife, the husband being joined nominally, by requirement of the statute. Before the trial in that case the cause was dismissed as to the wife and proceeded to judgment in favor of the husband, on the plea in abatement and against him on the merits.

The appellants complain of the following instruction given by the court on the trial of this cause: "The jury are instructed that it is not controverted that the bond sued on was executed by defendant and that the attachment in the case in which it was given, to wit: the case of *Kevill & Waples* v. *E. Stevens and Mrs. Stevens* was dissolved by the judgment of the circuit court at the October term thereof, 1881. Hence plaintiff is entitled to recover in this action such damages as she has sustained by reason of the said attachment. If you believe that the property attached in the said suit was the property of Mrs. Mary E. Stevens; if she purchased it with her own money, took it into her possession, her husband not taking possession of the property, then you should find her damages to be such sum as you believe said property to have been reasonably worth at the time it was attached, with interest on such sum from the date of the taking of such property, but if you do not find said property to have been the property of Mrs. Mary E. Stevens, you should find damages in such sum only as you believe from the evidence the attorney's services were reasonably worth in defending said attachment against Mrs. Mary E. Stevens, not exceeding fifty dollars."

After the jury had returned into court with the state-

ment that they did not understand the instructions as
given, the court further instructed them "that they must
find for the plaintiff, but if they found that no goods of
hers had been taken under the attachment, then her
damages would be such an amount as would cover her
expenses in the trial of that case."

There was no evidence in the cause showing that Mrs.
Stevens has ever paid an attorney's fee; though we re-
cognize that a legal obligation to pay by parties *suijuris*,
is as good a foundation for an action as actual payment;
and here lies the principal question in the case.

As the only evidence of the expense of the trial was
the hiring of an attorney, it will be seen the court per-
emptorily instructed the jury to find for Mrs. Stevens an
attorney's fee, notwithstanding the goods attached may
not have been hers.

The original suit being an ordinary action at law by
attachment, was a void proceeding against Mrs. Stevens.
—*Gage et al.* v. *Gates*, 62 Mo. 412.

Any judgment or action taken in the cause would have
been void and absolutely without effect as to her.—*Cor-
rigan* v. *Bell*, 73 Mo. 53; *Weil* v. *Simmons*, 66 Mo. 617;
*Wernecke et al.* v. *Wood*, 58 Mo. 352; *Lincoln* v. *Rowe
et al.*, 64 Mo. 138; *Higgins* v. *Peltzer*, 49 Mo. 152.

Damages for expenses are not recoverable on an attach-
ment bond, except such as the defendant would be legally
liable to pay. If there was and is no liability on the part
of Mrs. Stevens to pay an attorney's fee, if any pretended
obligation on her part is invalid, if her contract to that
end is of no effect, if she has incurred no liability;
then indeed she is not damaged. By force of the law, the
question presents itself as though she in point of fact had
employed no attorney and had no agreement with one.

"A married woman is wholly incapable of making any
contract whatsoever, which will bind her personally, or
create against her a personal debt or obligation."—*Mus-
ick* v. *Dodson*, 76 Mo. 624.

"And it has been expressly decided that a married
woman's promise to pay an attorney his fee for obtaining

a divorce for her would not be binding upon her."—Ib. 625.

And so the Supreme Court of this state, in speaking of of a suit against a married woman, says: "It is very clear to my mind that the defendant was not competent to employ an attorney or make defence in her own name. She was sued in a legal proceeding upon a personal contract altogether void at law."—*Higgins* v. *Peltzer*, 49 Mo. 152.

Again, in a case where a note already executed, was in fact altered, by procuring and adding the signature of a married woman, it was held that the signature "imposed upon her no legal liability whatever; being in contemplation of law a nullity, the responsibilities of the parties to the note was in no way increased or diminished or otherwise changed by the addition of her name thereto. * * When written it was in the eye of the law and still is nothing."— *Williams* v. *Jensen*, 75 Mo. 681.

As to what remedies a married woman has when her property is being disturbed or injured without authority of law, need not now be discussed.

The judgment is reversed and cause remanded. The other judges concur.