PETER NICHOLSON ET AL., Appellants, v. MARY L. FLYNN ET UX., Respondents.

Kansas City Court of Appeals, February 8, 1887.

1. MARRIED WOMEN — SEPARATE PROPERTY — PLEADING—CASE AD-JUDGED.—The allegations in ·the petition, in this case, show, substantially, that Mary L. Flynn, a married woman, took the real property described in the petition, by an ordinary deed, containing, on its face, no indication that the property was for *her separate use* Upon demurrer to the petition, on the ground that the petition shows upon its face that the property described in it was not her separate property, the demurrer was sustained. *Held*, that the ruling was correct. *Held, further*, that in order to make a separate estate of lands deeded to the wife in a general way, by *ordinary* deed, there must be a proper *written instrument*, which, *construed with the deed*, will give it a different office from that which it would perform alone ; and that the petition should allege, substantially, that the property described is her *separate property*, so as to justify evidence of the written instrument along with the deed.

2. ——— TRANSACTIONS WITH—REAL ESTATE PURCHASED WITH SEPARATE PROPERTY.— Real estate, purchased by a married woman with the proceeds of, or in exchange for, her separate property cannot *for that reason* be charged with a *claim* against her. A married woman cannot become a debtor. Until a decree subjects her separate property to a charge, there is no lien upon her estate. While the rule is, that, *in general*, when land or other property is purchased by, or on behalf of, the wife, with proceeds of her separate estate, it becomes impressed with the same character ; this is for *her protection*, and that she may not be under the necessity of

holding property in one form, or in one species, in order to preserve it ; and is invoked where her husband, or his creditors, are seeking to take it from her, on the ground that she has no separate estate in it.

APPEAL from Grundy Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed.*

The case is stated in the opinion.

GEORGE HALL, for the appellants.

I.   The court erred in sustaining demurrer to plaintiffs' petition. It alleges that she was doing business *with her own separate money and personal effects*, which is equivalent to saying that the means used in the business was "her separate property." Rev. Stat., sect. 3296 ; Laws of Mo., 1883, p. 113. It also alleged that she was doing business *in her own name and behalf, and with her own separate money and personal effects*, and that her husband devoted his time and attention to the management of the business ; and that she, with *the aid and assistance of* her husband, bought of plaintiff the goods sued for. And as he permitted her to carry on the business on her sole and separate account, the *earnings* were her own separate property. *Coughlin v. Ryan, Adm'r*, 43 Mo. 99 ; *Welch, Adm'r, v. Welch*, 63 Mo. 57. It also alleged that she *agreed to pay* for the goods *out of her own separate* estate, and credit was given her on *account of*, and as a charge against her separate estate. In such case equity will subject her separate estate to the payment of her debts. Kelly on Contracts of Married Women, 252, 353, 436 ; *Schafroth, Adm'r, v. Ambs*, 46 Mo. 114 ; *DeBowen v. Van Wagoner*, 56 Mo. 347 ; *Miller v. Brown*, 47 Mo. 504.

II.   Defendant had the right to purchase the goods on credit, and when purchased they became her separate property. Kelly on Contracts of Married Women, 160 ;

*Chamberlain v. Robertson*, 31 Iowa, 408; *Pemberton v. Johnson*, 46 Mo. 342; *Elder v. Condroy*, 54 Ill. 244.

III. The petition further alleges that defendant, Mary L. Flynn, invested all her separate estate in the lands described in the petition, which is sought to be subjected to the payment of the debt sued for. But the petition does not allege, nor is it necessary that it should allege that the deeds conveying to her the lands, recited that the same was conveyed to her separate use, or contained words of like import. See the case of *Martin and wife v. Colburn* (88 Mo. 229), where the court, in its opinion, declared the law as follows: "Where land, or other property, is purchased by the husband with the proceeds of his wife's separate estate, whether the title is taken in her name or to himself, it is, in equity, her estate unless her intention to the contrary is shown." 3 Pom. Eq., sect. 1103, 1104; *City Nat. Bank v. Hamilton*, 34 N. J. Eq. 158; *Pemberton v. Johnson*, 46 Mo. 342; *Davis v. Smith*, 75 Mo. 219; *Payne v. Wayman*, 68 Mo. 339; *Welch, Adm'r, v. Welch*, 63 Mo. 57; *Hale v. Coe et al.*, 49 Mo. 181. And in the case of *Buck v. Ashbrook* (59 Mo. 200), the court there held that where the executor purchased lands in the name of a married woman pursuant to the provisions of a will, with funds derived from the sale of real estate of the estate, are, under the statutes, exempt from sale for the debts of the husband, *whether the land is conveyed to her in the ordinary way, or to her sole and separate use.*

E. M. HARBER and C. H. MANSUR, for the respondents.

I. There is no allegation of fraud on the part of Mrs. Flynn in the purchase of the goods originally, nor in the conversion of it for the real estate; nor on the part of her husband in colluding with her for the purpose of either defrauding the wife, or her creditors, or both. Without some or all of these allegations, the

petition is defective, and the demurrer was, for this reason alone, well sustained.

II.   The deeds do not recite that the lands were conveyed to the wife to her separate use; then, to make it her separate property, *the intention of the wife to have it so* must be shown, and the petition here does not show sufficient facts for this purpose. *Martin v. Colburn* is not in point.

III.   Mrs. Flynn had a right to sell her personal property; she did sell it. She took title in the usual legal form to her real estate, in the mode known as her *general* property—her legal estate. Thus, by operation of law, without fraud, an estate is cast upon her husband. *Klenke v. Koeltze*, 75 Mo. 243; *Paul v. Levitt*, 53 Mo. 598.

IV.   A married woman, *possessed of no separate property*, may execute notes, and yet they are nullities, incapable of enforcement in equity, *because there is no separate estate*, upon which the notes could operate as a power of appointment. *Boatman's Bank v. Collins*, 80 Mo. 280. The wife has no separate property in this case, *because* of its being purchased with the personal property of the wife, that was her separate property. See article of F. M. Black, entitled "Property Rights of Married Women in Missouri." Report Bar Ass'n, Dec. 27, 1882, p. 243.

ELLISON, J.— The point on which this case has reached this court is as to the sufficiency of the following petition, omitting formal parts :

"That Mary L. Flynn is a married woman, and is the wife of defendant, Henry Flynn, who, for that reason, is joined with her as a party defendant in this suit. That the defendant, Mary L. Flynn, on and prior to the tenth day of December, 1884, was engaged in and carrying on a retail grocery and provision store in Trenton, Missouri, in her own name and behalf, with her own separate money and personal effects, derived by gift or

inheritance, together with the income, increase, and profits thereof, and that the defendant, Henry Flynn, devoted his entire time and attention to the general management of the business and store of the defendant, Mary L. Flynn. That defendant, Mary L. Flynn, on or about said tenth day of December, 1884, with the aid and assistance of said Henry Flynn, bought of plaintiffs goods, wares, and merchandise of the value of one hundred and seventy-seven and thirty-six hundredths dollars and agreed to pay plaintiffs therefor in thirty days thereafter, and that said defendant, Mary L. Flynn, still owes plaintiffs the said sum of one hundred and seventy-seven and thirty-six hundredths dollars for said goods so sold by plaintiffs to said defendant. The particulars of all which, together with the credits thereon, will appear by an account herewith filed, which goods, wares, and merchandise were placed in said defendant's store, to be sold out in the usual course of business. That said defendant agreed to pay plaintiffs for said goods out of her own separate estate, and pay interest on said sum due therefor at the rate of ten per cent. per annum, from the tenth day of January, 1885, and that said indebtedness was contracted by said defendant, and credit was given to her by said plaintiffs, on account of, and as a charge against, her separate estate, and is still due to plaintiffs. Plaintiffs further state that on the twenty-fourth day of January, 1885, said defendant, Mary L. Flynn, with the aid and assistance of defendant, Henry Flynn, sold her said stock of goods and merchandise to R. B. Adams, Mary Adams, John W. Adams, C. L. Adams, and Ewing Adams, who, in payment for said goods, sold and conveyed to said defendant, Mary L. Flynn, the following described real estate, in Grundy county, Missouri, to-wit: the east half of the northwest quarter of section twenty-five (25), in township sixty-two (62), of range twenty-five (25), and that the said defendant, with the aid and assistance of her said husband, on the thirty-first day of January, 1885, with the remaining

portion of her said separate estate and the income, increase, and products thereof, purchased of one, E. R. McKeen, the following described real estate in Grundy county, Missouri, to-wit: (describing it.) Plaintiffs, therefore, pray the court to adjudge and decree to them the payment of the said sum of one hundred and seventy- seven and thirty-six one-hundredths dollars, and the interest, by said defendant, Mary L. Flynn, out of, and that the same be adjudged and declared a lien and a charge against said real estate above described, and that the same be ordered sold for the purpose of satisfying said indebtedness, and for all other proper relief."

To this petition defendants filed the following de- murrer :

"That said petition shows upon its face the prop- erty therein mentioned and described, and against which plaintiff asks judgment, is not her separate property. That there is no separate property of defendants de- scribed or mentioned in said petition, against which judgment could be rendered or enforced."

This demurrer being sustained, plaintiffs appeal to this court.

The allegations in the petition show, substantially, that Mrs. Flynn took the real property described by an ordinary deed, containing, on its face, no indication that the property was for her separate use. Counsel have so treated it in their briefs. Defendants contend, that such being the deed, oral evidence *aliunde* cannot be received to show that in fact it was her separate property, and so intended by her. Plaintiffs deny this proposition.

It was held in *Schafroth v. Ambs* (46 Mo. 580), that "facts *dehors* the deed" could not be shown to estab- lish in the wife a separate estate. And in *Paul v. Leavitt* (53 Mo. 595), it was said, "the instrument con- veying the property must indicate" the intent to create a separate estate. Each of these cases was considered in *Klenke v. Koeltze* (75 Mo. 239), and the extent to

which they apparently carry the rule is therein somewhat limited. The last case was approved recently in *Martin and wife v. Colburn* (88 Mo. 229). In each of these cases the deed was in the ordinary form, conveying the property generally, and on the face thereof gave the wife only a general estate. The difference between them was, that in the two last cited, the evidence held sufficient to establish a separate estate *aliunde* the deed, was written, while in the former the evidence held insufficient, was oral. In *Klenke v. Koeltze* there was a marriage contract, and in *Martin v. Colburn* there was an instrument of writing executed by the husband acknowledging the property to be the separate estate of the wife. It is held that the writing and deed were to be considered together, and if they, as one instrument, excluded the marital rights of the husband, the wife was to be deemed possessed of a separate estate.

From these authorities it appears to me that the rule is, that, in order to make a separate estate of lands deeded to the wife in a general way, by ordinary deed, there must be a proper written instrument, which, construed with the deed, will give it a different office from that which it would perform alone.

The petition should have alleged in terms, or, at least, substantially, that the real estate described was the separate property of Mrs. Flynn; evidence then, of the character indicated, could be properly received in connection with the deed.

II. I have considered the case as above for the reason that it has been presented by the counsel in that way. In fact, however, the petition seeks to charge the real estate therein described, with the amount claimed, simply because it was purchased with her separate property, and this brings up the question, whether this can be done when she takes the conveyance to herself generally. Upon principle, as enunciated in this state, it cannot. Matters which would be legally unjust and inequitable, connected with parties *sui juris*, may not be so with

married women. To deny relief, under the allegations of the petition, is apparently unjust, but it is more apparent than real. A married woman cannot become a debtor. *The State ex rel. Stevens v. Kevill*, 17 Mo. App. 144, and cases cited. If she makes a note, "all that can. be said of it is, that it is an anomalous obligation, neither binding her, nor her estate, general or separate, but only constituting a foundation for a proceeding in equity, by which her separate property may be subjected to its payment, and until a decree to that effect be rendered, it is neither a lien nor a charge upon the estate." *Davis v. Smith*, 75 Mo. 219, 225; *Klenke v. Koeltze, supra.*

Plaintiffs, then, had no debt against Mrs. Flynn, nor did they have a lien on the separate personal property referred to in the petition. What, then, was the hindrance to her disposing of it as she liked? What stood in the way of her disposing of it absolutely, or putting it in real estate in such way as the marital rights of the husband would attach and exclude her separate use? I can think of nothing. This is married woman's law, and plaintiffs must be presumed to have known it when they parted with the goods.

I have not written this unmindful of the rule stated by Pomeroy, and by Bishop, that, "in general, when land or other property is purchased by, or on behalf of, the wife, with proceeds of her separate estate, it becomes impressed with the same character." Pomeroy's Eq. Jur., sect. 1103; Bishop's Married Women, sect. 98.

But this rule is for her protection, and that she may not be under the necessity of holding property in one form or in one species, in order to preserve it. It has been stated in cases where her husband, his legal representatives, or his creditors, were seeking to take it from her on the ground that her separate estate did not exist.

I am of the opinion the circuit court declared the law as it is understood in this state. The judgment is, therefore, with the concurrence of the other judges, affirmed.