C. F. W. BACHMAN ET AL., Appellants, v. SARAH E. LEWIS ET AL., Respondents.

Kansas City Court of Appeals, June 6, 1887.

1. MARRIED WOMEN—EXTENT AND POWER OF CONTRACTING AND MEANS OF ENFORCING AGAINST.—A married woman is wholly incapable of making any contract whatsoever, which will bind her personally, or create against her a personal debt or obligation. She cannot become a debtor in the usual acceptation of the term. Any judgment rendered against her in a proceeding at law is void and without effect as to her. The act of 1875 leaves the matter of practice and the methods of procedure just as they stood prior to that act.

2. ———— ATTACHMENT AGAINST NOT MAINTAINABLE—PROCEEDING MUST BE IN EQUITY.—An attachment is a proceeding at law, and *in personam* (as to residents). To sustain an attachment the debt must be of such a nature as will sustain an action at law; equitable debts are not sufficient to ground an attachment upon. The separate estate of a married woman is not attachable for her debts, and such estate can only be reached by appropriate procedure in equity for that purpose.

APPEAL from Daviess Circuit Court, HON. CHAS. H. S. GOODMAN, Judge.

VOL. XXVII—6

*Affirmed.*

The case is stated in the opinion.

Gillihan & Brosius, for the appellants.

I.　The mortgage to Harriet C. Northup being given upon a stock of goods and furniture, the mortgageor remaining in possession after its execution, and disposing of same for her own use with the knowledge and consent of the mortgagee is a fraud upon the creditors of the mortgageor. *Brooks v. Wimer*, 20 Mo. 503 ; *Walter v. Wimer*, 24 Mo. 63 ; *Zeigler v. Madox*, 26 Mo. 575 ; *Stanley v. Bruce*, 27 Mo. 269 ; s. c., 28 Mo. 547 ; *Voullair v. Tasker*, 31 Mo. 445.

II.　The mortgage permits the mortgageor to remain in possession until default be made. The note being long past due when the mortgage was given it is fraudulent in our opinion, but if not fraudulent on its face is certainly made so by the agreed statement of facts, which admits that the mortgageors were to remain in possession and dispose of the same for their own use with the knowledge and consent of the mortgagee, and if this fact appears *aliunde* it is sufficient. *Voullaire v. Tasker, supra, Webber v. Armstrong*, 70 Mo. 217 ; *Hewson v. Tootle*, 72 Mo. 632.

III.　There are fourteen grounds for attachment under the Revised Statutes, and it will be observed that the " intent" of the party liable is not a necessary ingredient, except for the grounds enumerated in the fifth and sixth clauses of the first section, page 61. There is no "intent" necessary under the seventh clause of said section. It simply reads "has fraudulently conveyed or assigned his property or effects so as to hinder or delay his creditors." The constructive fraud raised by the law is, therefore, sufficient. Rev. Stat., sect. 398, p. 61 ; *Reed v. Pelletier*, 28 Mo. 173 ; *Potter v. McDowell*, 31 Mo. 62.

IV.  The giving, therefore, of the mortgage on the goods and furniture in evidence, with the understanding that the defendant was to continue in the possession and sell in the ordinary course of business, under the agreed statement of facts and evidence, is a fraud and sufficient to support the attachment under the seventh clause of the first section of the attachment act. *Reed v. Pelletier*, 28 Mo. 173.

V.  The agreed statement of facts admits that defendant had a separate estate, and did business as a sole trader with her husband's knowledge and consent. The fact that she was a married woman does not prevent an attachment. *Frank v. Seigle*, 9 Mo. App. 497; 1 Waples on Attach. 158.

VI.  The statutes authorizing attachment in this state give the remedy to the plaintiff in any civil action. Rev. Stat., sect. 398.  There is but one form of civil action in this state.  Rev. Stat., sect. 3461; *United States v. Cigars*, 1 Woolw. 123; *Rison v. Cribbs*, 1 Dillon, 181. The case of *Gates v. Gates* (62 Mo. 412), is not in point here and what was there said on this point is *obiter dicta*.

VII.  A married woman with respect to her separate estate is to be regarded as a *feme sole*.  She has the *jus disponendi* over her separate estate and the same power with respect to it that a *feme sole* has with respect to her property; and the same power to commit a fraud upon her creditors that a *feme sole* has.  Why should she not be subject to the same law?  Section 3296, Revised Statutes, gives a *feme covert* separate estate in personal property, and by necessary implication the power to contract with respect to it.  Her contracts may be either express or implied, written or verbal, and if made with reference to her separate estate are binding. *Hulme v. Tennant*, 1 Leading Cases in Equity, 507 to 543.

WILLIAM A. WOOD and JAMES MCMILLAN, for the respondents.

I.  It is conceded by appellants, and the law is well

settled in this state, that a suit in equity, to charge the separate estate of Sarah E. Lewis with the payment of the debts sued for, was plaintiffs' proper action. *Kimball v. Silvers,* 22 Mo. App. 520 ; *Martin v. Colburn,* 88 Mo. 229 ; *Davis v. Smith,* 75 Mo. 219 ; *Jaques v. M. E. Church,* 17 Johns. (N. Y.) 538 ; *Gardner v. Gardner,* 22 Wend. (N. Y.) 526.

II. Attachment is a special remedy belonging exclusively to a court of law, and can only be invoked in aid of such causes of action as will sustain a suit at law. Equitable debts, therefore, of the nature of the plaintiffs' demand against the defendants, are not sufficient to ground an attachment upon. Drake on Attachment [5 Ed.] sects. 4a and 9, pp. 4 and 9 ; *Lackland v. Garesché,* 56 Mo. 267 ; *Ebner v. Bradford,* 3 Abbott's N. Y. Prac. Rep. 3, p. 202 ; *Lehman v. Warner,* 61 Ala. 455.

III. Attachment is a personal action and not a proceeding *in rem.* The property is in no sense a party to the suit, but is brought before the court as ancillary, or in aid of the remedy against the person who is presumed to be the owner of it. The cause of action and the condition of the parties must be such as will authorize a valid personal judgment. Especially does this rule apply when there has been personal service on the defendants, and an appearance by them to the action, as in the case at bar. *Bray v. McClury,* 55 Mo. 128 ; Drake on Attach. [5 Ed.] sect. 5 ; *Payne v. O'Shea,* 84 Mo. 129 ; *Borum v. Reed,* 73 Mo. 461 ; *Jones v. Hart,* 60 Mo. 357.

IV. A personal judgment, at law, against a married woman is void ; and a judgment for plaintiffs on the attachment here, would be such a judgment, and, therefore, void.

V. The separate estate of the wife cannot be reached in proceedings by attachment, either for the debts of the husband, or those of the wife. *Gage v. Gates,* 62 Mo. 412.

VI. The power of a married woman to charge her separate estate is not based on the *jus disponendi*. In fact, she does not charge it, but equity charges it for her. No proceeding at law will lie to charge the separate estate of a married woman with her debt, or to aid the enforcing of an executory contract made by her. *Kimball v. Silvers*, 22 Mo. App. 520; *Martin v. Colburn*, 88 Mo. 229; *Davis v. Smith*, 75 Mo. 219.

OSCAR SAYLOR, also, for the respondents.

I. The contract of a married woman is void, both at law and in equity, but a court of equity will, if she possess a separate estate, take hold of it, and in connection with it treat her so-called obligation as of sufficient force to be the foundation of a decree against her separate estate. This is the full limit of her power to contract in this state, and a court of equity alone gives it that force and standing. *Davis v. Smith*, 75 Mo. 219; *Whiteside v. Cannon*, 23 Mo. 457.

II. The married woman's acts have only had the effect of making her equitable separate estate a legal separate estate, and the remedy against her, in equity, is unchanged. *King v. Mittleberger*, 50 Mo. 182; *Kimm v. Weippert*, 46 Mo. 532; *Bauer v. Bauer*, 46 Mo. 61; *Yale v. Dederer*, 18 N. Y. 265.

III. A court of equity, with its enlarged powers and adaptability, cannot interfere with her separate estate before judgment; and after judgment, only by a writ, in the nature of an equitable execution. High on Injunction, 1403; *Wiggins v. Armstrong*, 2 Johns. Ch. 143; Kelly's Contracts of Married Women, 284–5; *Holdridge v. Gwynn*, C. and E. Green, 26.

IV. If authorities were wanting, which they are not, it would require no argument to prove that, under the well-known rule requiring the strict construction of statutes, in derogation of common law, the several married woman's acts of this state could not be construed as removing her common-law disability to contract.

That was not their purpose, and it would be tortuous to so construe them. Hence we must conclude a married woman absolutely has no power, either in law or in equity, to make a valid contract. *Davis v. Smith, Whiteside v. Cannon,* and *Yale v. Dederer, supra.* When we consider that no other court than a court of chancery ever made pretense of considering her contracts otherwise than void, in all proceedings, and that, in a court of chancery, the reason for giving them such force as heretofore explained was questionable and fallacious, it becomes very difficult to understand how any other or greater force could be claimed for them, without direct legislation.

V.   The remedy by attachment is purely legal, and not equitable, and the statute governing it has, with few modifications, been in force since the organization of the state, and is not affected by our practice act. *Lockwood v. Garesché,* 26 Mo. 207; *Pratt v. Scott,* 19 Mo. 625; *Wood v. Edgar,* 13 Mo. 451; *Lee v. Faber,* 8 Mo. 322; *Van Winkle & Randall v. McKee,* 7 Mo. 435.

VI.   The proceedings by attachment are between individual persons. *Bray v. McClury,* 55 Mo. 296. The judgment, when personal service is had, or when defendant appears to the suit, as in this case, must be a general personal one. The court has no discretion in the matter. *Huxly v. Harold,* 62 Mo. 516; *Jones v. Hart,* 60 Mo. 51; *Bray v. McClury, supra; Kritzer v. Smith,* 21 Mo. 296.

VII.   It is fundamental that attachments are never equitable. Text writers also state, and from the reading of *Pratt v. Scott,* and *Wood v. Edgar, supra,* it will be observed that it cannot be mingled with proceedings in equity. That the proceedings in those cases were by garnishment, and were decided under the statutes governing garnishments, makes no difference. The same objections would exist in attachments, and the same doctrine would obtain. That proceedings by attachment against a married woman's separate estate could not be

sustained, would never have been seriously questioned, respondents presume, but for the decision of the St. Louis court of appeals in the case of *Frank v. Seigle* (9 Mo. App. 467), cited by appellants.

ELLISON, J.—This was an action to charge the separate estate of Sarah E. Lewis, a married woman, with the payment of a debt contracted by her as a sole trader, doing business at Gallatin, Missouri, as a retail furniture dealer, with the knowledge, consent, and assistance of her husband.

For the purpose of charging her estate, plaintiffs instituted a suit in equity, on May 12, 1885, and in aid of, and in connection with, said proceeding, on September 1, 1885, sued out an attachment, and had same levied on the separate property of defendant, Sarah E. Lewis, consisting of her stock of goods in Gallatin. As grounds for this attachment, plaintiffs alleged in their affidavit, "that the defendants have fraudulently conveyed and assigned their property and effects, so as to hinder and delay their creditors," and, to support said allegation, introduced, on the trial, a chattel mortgage, executed by the defendant, Sarah E. Lewis, and her husband, to one H. C. Northup, on April 24, 1884, covering the property sought to be charged by plaintiffs' action, and duly recorded on April 27, 1885.

Upon trial had of the issues made in said attachment proceedings, on plea in abatement, the circuit court found for the defendants, with a judgment in their favor for costs, and from the decision of the circuit court so rendered, the plaintiffs have prosecuted this appeal. The only question to be determined in this court is, whether or not the circuit court erred in dissolving the attachment and entering judgment therein for the defendants, on the plea in abatement. In order to clearly understand the result we arrive at in this case, I will refer to the *status* a married woman occupies in a court of law or equity. "A married woman is wholly

incapable of making any contract whatsoever, which will bind her personally, or create against her a personal debt or obligation." *Musick v. Dodson*, 76 Mo. 624; *State to use v. Kevill*, 17 Mo. App. 144. A married woman cannot become a debtor in the usual acceptation of that term. *Nicholson v. Flynn*, 24 Mo. App. 571. If she makes a note, "all that can be said of it is, that it is an anomalous obligation, neither binding her nor her estate, general or separate, but only constituting a foundation for a proceeding in equity, by which her separate property may be subjected to its payment, and until a decree to that effect be rendered, it is neither a lien nor a charge upon the estate." *Davis v. Smith*, 75 Mo. 219, 225; *Klenke v. Koeltze*, 75 Mo. 239. Any judgment rendered against her, in a proceeding at law, is void and without effect as to her. *State v. Kevill, supra.* Nothing is better settled in this state than that a proceeding at law cannot be maintained against a married woman. The act of 1875 does not affect the question. "It simply declares that, as to certain personal property, it shall be her separate property, and under her sole control, * * * it does not, in any manner, enlarge the remedy against her, or profess to give the courts of law jurisdiction over her contracts different from what they had before the act. It leaves the matter of practice and the methods of procedure just as they stood. An action *in personam* can no more be maintained against a married woman to-day than it could be prior to 1875." *Kimball v. Silvers*, 22 Mo. App. 520.

If, therefore, an attachment is a proceeding at law, and *in personam* (as to residents), I can find no ground upon which to sustain this appeal. That it is a special remedy at law, belonging exclusively to the courts of law, and pursued in conformity with the terms of law, I think has been the understanding of the bar of the state. It is so stated by the text writers. Drake on Attachments, sect. 4*a*. It "is always personal in form."

Waples on Attachment, sect. 2. To sustain an attachment the debt must be of such a nature as will sustain an action at law. Equitable debts are not sufficient to ground an attachment upon. Drake on Attachment, sect. 9.

In *Lackland v. Garesché* (56 Mo. 267), it is said that, although our code of practice has abolished distinctions in the form of actions, the line of demarcation between legal and equitable cases is still preserved; that "the remedy by attachment for the collection of debts in this state is essentially legal, and not equitable, in its nature and procedure. It is founded alone upon statutory law."

It is expressly decided in *Gage et al. v. Gates* ( 62 Mo. 412), that an attachment cannot be run against the property of a married woman. "It is obvious," said Sherwood, J., " that if the wife had a separate estate in the millinery establishment, that it was attachable neither for the debts of the husband, nor of the wife; and it is equally obvious that such separate estate could only be reached by appropriate procedure in equity for that purpose."

I would have been content to have cited that case, without more, as decisive of this, were it not for the case of *Frank v. Siegel* (9 Mo. App. 467), where it is held that an action to charge the separate estate of a married woman may, where the facts warrant such a proceeding, be commenced by attachment. The petition, in that case, was probably a bill in equity. The attachment, of course, was founded on an affidavit and bond. It is there held that an attachment writ is not a form of action; that it is not a suit, either at law or in equity. However this may be, it is nevertheless certain that an attachment necessitates a trial at law, upon legal issues, regularly made by the plea in abatement, and that a judgment *in personam* must follow such trial, and from which judgment an appeal will lie. There can be no doubt but such trial before a jury,

with a married woman as a party defendant, would be utterly at variance with the principles laid down by the authorities cited above. We regret a difference with the distinguished jurist, who wrote that opinion, but feel constrained to hold the views herein set forth.

The judgment, with the concurrence of the other judges, is affirmed.