AUGUSTUS H. POWELL, Plaintiff in Error, v. GEORGE W. SCOTT, Executor, Defendant in Error.

Kansas City Court of Appeals, January 5, 1891.

Married Women: REAL ESTATE NOT LIABLE FOR DEBTS. The real estate of a married woman acquired by purchase with money, the gift of her husband, and conveyed to her by an ordinary deed, with nothing on its face to indicate that the grantee was to have and to hold a separate estate therein, and with no writing contemporaneous, prior or subsequent, to qualify such deed, is not chargeable as equitable separate estate with the payment of a note signed by her while holding such real estate.

*Error to the Jackson Circuit Court.*—HON. R. H. FIELD, Judg

Powell v. Scott.

AFFIRMED.

*Gates & Wallace* and *Edward C. Wright*, for defendant in error.

(1) Only the separate estate of a married woman can be subject to her contracts in equity, and the burden is on the plaintiff to show that any estate is her separate estate. As between the wife and the husband's creditors or strangers, property may become the wife's estate by acquiescence of the husband, but it does not become technical separate estate, and the husband merely waives his rights, which no one else can enforce, and this applies only to personal property. *Davis v. Smith*, 75 Mo. 219 ; *Arnold v. Brockenbrough*, 29 Mo. App. 625, 638 ; *Tracy v. Keith*, 11 Allen ( Mass.) 214 ; *Bauer v. Bauer*, 40 Mo. 61 ; *Mueller v. Kaessman*, 84 Mo. 318 ; *Botts v. Gooch*, 97 Mo. 91 ; *Bethel v. Bailey*, 35 Mo. App. 463 ; *Welch, Adm'r, v. Welch*, 63 Mo. 57 ; *McCoy v. Hyatt*, 80 Mo. 135 ; *McFerran v. Kinney*, 22 Mo. App. 554 ; *Hemelreich v. Carlos*, 24 Mo. App. 273 ; *Terry v. Wilson*, 63 Mo. 493, 499. (2) But if there were moneys which were the separate estate of the testatrix, yet the purchase by her of the real estate and the taking of the deed in her own name, without more, terminated that separate estate and vested in her a purely legal estate, subject to the marital rights of her husband, and she no longer had either a statutory or a technical separate estate which she could bind. 3 Pomeroy Eq., secs. 1109–1110 ; *Schafroth v. Ambs*, 46 Mo. 580 ; *Bank v. Taylor*, 53 Mo. 444 ; *Paul v. Leavitt*, 53 Mo. 595 ; *Bank v. Collins*, 75 Mo. 281 ; *Lakenan v. McIlhany*, 17 Mo. App. 419 ; *Nicholson v. Flynn*, 24 Mo. App. 571, 577 ; *Edwards v. Burnes*, 26 Mo. App. 44.

*R. O. Boggess*, for plaintiff in error.

(1) By reason of all the facts disclosed by the evidence, the money therein mentioned became on the gift

of the husband to the wife the statutory separate property of the wife, for all the purposes of the statute mentioned in statement. It does not change in quality or nature of estate by the wife subsequently reinvesting same as disclosed by the evidence. When invested in real estate as shown, it remains the separate property of the wife, for all the purposes of said statute. The will and death of the wife, and the subsequent sale of said real estate, had no operation upon the quality or character of the title. Such money and the property purchased therewith, and the money arising from the sale of such property remains the same in character and quality, and were never withdrawn from the protecting shield of said statute. Acts of 1875, p. 61 ; R. S. 1879, sec. 3296 ; Acts of 1883, p. 113 ; 3 Pomeroy's Eq., sec. 1103 ; *Terry v. Wilson*, 63 Mo. 493, *et seq. ; Maraman's Adm'r v. Maraman*, 4 Mel. (Ky.) 84 ; *Huber v. Huber*, 10 Ohio, 371 ; *Wood v. Warren*, 20 Ohio, 518 ; *Deming v. Williams*, 26 Conn. 226 ; *Davis v. Smith*, 75 Mo. 219 ; *Boston v. Murray*, 94 Mo. 175, 181 ; *Turner v. Shaw*, 96 Mo. 22–7 ; *Coughlin v. Ryan*, 43 Mo. ; *Klenke v. Koeltze*, 75 Mo. 239. (2) It follows as a necessary conclusion from the preceding proposition, if it be well founded, that the funds sought to be reached in this case were liable to be appropriated in some form of action to the payment of debts of the wife—the testatrix—contracted as evidence by said note. Authorities *supra*. (3) Regardless of the second preceding proposition, said money was given by the husband to the wife as aforesaid. Upon the consummation of such gifts, it became her separate property in equity ; subject to all the rules of equity, applicable to such property. *Terry v. Wilson*, and other authorities, *supra* (1st proposition); *Turner v. Shaw*, 96 Mo. 22, 27 ; *Blair v. Railroad*, 89 Mo. 383–91 ; 3 Pomeroy's Equity, sec. 1103 ; *Martin v. Colburn*, 88 Mo. 229–31 ; *Klenke v. Koeltze*, 75 Mo. 239 ; *Botts v. Gooch*, 97 Mo. 88–91 ; *Nicholson v. Flynn*, 24 Mo. App. 571–7 (this case ought not to be followed).

Powell v. Scott.

GILL, J.—This is a suit in equity brought by plaintiff Powell against the executor of his deceased wife, whereby it is sought to charge funds in the custody of said executor arising out of the sale of certain real estate owned by said wife at her death. On a trial had in the circuit court, there was a finding and judgment for defendant, and plaintiff brings the cause here by writ of error. The controversy arose from the following state of facts, which we shall state in the most favorable aspect for the plaintiff. In the year 1882, the said Thetis A. Powell, wife of the plaintiff, had in her possession and under her control, a large sum of money, most of which, to-wit, about the sum of $7,500, was a gift from the husband. With a portion of this money, Mrs. Powell purchased certain real estate at Kansas City, and the conveyance to her, of date June 14, 1882, was an ordinary warranty deed, using no words whatever to constitute a separate estate, nor any words indicating an intention to exclude the marital rights of the husband. The title to this property so remained in Mrs. Powell till her death in the year 1886. On January 23, 1885, and while Mrs. Powell so owned this real estate ), one E. M. Wells borrowed $600 from Robert Clore, and a note was given therefor signed by said Wells, Thetis A. Powell and A. H. Powell as security.

Whether Mrs. Powell signed as security, or as coprincipal, does not clearly appear. Wells failed to meet his obligation, and in 1887 plaintiff paid to the holder the sum due, with interest, and took an assignment of the note to himself. Defendant Scott, as executor under the will of Mrs. Powell, sold the real estate thus conveyed to her, and realized the sum of $13,200, and this suit is to enforce payment of the $600 note and interest so signed by Mrs. Powell, out of such proceeds.

I. Assuming now that plaintiff has the same rights, by virtue of purchase and assignment of the note as Clore, the payee, would have if prosecuting this

action, and assuming, too, that the fund arising from the sale of the real estate by the executor, and now in his hands, is subject to the same charge as the real estate would be if yet unsold, we have here the claim asserted, that the real estate of a married woman, acquired by purchase with money, the gift of her husband, and conveyed to her by an ordinary deed, with nothing on its face to indicate that the grantee was to have and to hold a separate estate therein, and with no writing, contemporaneous, prior or subsequent, to qualify such deed, is chargeable as equitable separate estate with payment of a note signed by her while holding such real estate.

After a careful review of the cases, we feel warranted in saying, that under the decisions of the appellate courts of this state such a position, as contended for by plaintiff's counsel, cannot be maintained. This exact question was passed on by this court in *Nicholson v. Flynn*, 24 Mo. App. 571. We have reconsidered the points there determined, and again express our satisfaction with the position there taken. We content ourselves now by a simple reference to the opinion in that case, and order an affirmance of the judgment herein. All concur.