Moncrief, J.
An attachment may issue “in an action for the recovery of money.” (Code, § 227.) The affidavit on which the warrant may be issued must state enough to make it appear “that a cause of action exists against such defendant, specifying the amount of the claim, and the grounds thereof, and such facts and circumstances as will establish that the defendant is concealed,” &c., &c. (§ 229.)
Assuming that this action is for the recovery of money, it being an action claiming a perpetual injunction restraining the defendants from using their trade mark, &e., (2 Sandf., 599, 619,) there is no averment in the affidavits or in the complaint, that upon an accounting by the defendants of the goods sold by them, if it be determined that the plaintiffs’ title is established, any indebtedness will appear, or the means by which thé Judge could ascertain such amount; nor is there any allegation of damage sustained by the plaintiffs by reason of the acts of the defendants ; the damage, if any, will be the profits, if any, of which they have been deprived by means of the defendants’ fraud.. In consequence of the difficulty of making out a decree of taking an account of profit, such an account is rarely taken. (3 Myl. & Cr., 428.)
The action, however, is not for the recovery of money; it is true that the plaintiffs have asked that the defendants make an account of their sales, but this is the usual form of prayer in the bill formerly filed in the Oourt of Chancery, and addressed solely to its equitable power," the decree providing for a reference to a Master, &c. (2 Sandf. Ch., 611, 619.)
The warrant of attachment requires the Sheriff “to attach and safely keep all the property of such defendant within his county, or so much thereof as may be sufficient to satisfy the plaintiffs’ demand, together with his costs and expenses, the amount of which must be stated in conformity with the complaint.”
In the present action, costs are in the discretion of the Court; (Coats v. Holbrook, 2 Sandf. Ch., 598; Code, § 306;) *604 and tMs action is an equity action and triable by the Court without a Jury.
The present action not being an action for the recovery of money, and the affidavits not showing that a cause of action exists (therefor) against the defendants, “ specifying the amount of the claim” and the grounds thereof, the attachment was improvidently granted, and it should be set aside. The order denying the motion to vacate and set aside the attachment was therefore erroneous, and must be reversed, but without costs of this appeal; ten dollars costs of motion to discharge the attachment to the defendant, Santiago Lindo, to abide the event of the action.
Boswobth, Oh. J.
Is this “ an action for the recovery of money,” within the meaning of § 227 of the Code?
The various provisions of the chapter in relation to attachments, show that an action at law, to recover money as its main object, was contemplated. The judgment is to be satisfied out of the property attached, by selling real and personal property on execution. (Code of Pro., § 237.) Enough must be attached to satisfy the “plaintiff’s demand^ (Id., § 231.) The affidavit for an attachment must specify “the amount of the claim and the grounds thereof.” (Id., § 229.) In an action for the recovery of money, if a plaintiff recovers $50 or more, he recovers costs, as a matter of right, (Id., § 304, sub. 4;) if he fails to do this, he must pay costs.
This action is an equity suit, is triable by the Court, (Id. §§ 253, 254,) and the costs are in the discretion of the Court. (Id., § 306; Buchanan et al. v. Morrell et al., 13 How. Pr., 296, decided under the Code as amended in 1851.) I think the attachment was improvidently issued.
Order reversed, without costs of appeal to either party, with $10 costs of motion to defendant to abide event;