LUMPKIN, *Appellant*, v. COLLIER *et al.*

**Amendments.** In a suit by the claimant of personal property against the obligors in a bond, given by the plaintiff in an execution to indemnify the sheriff from any liability incurred by him in the sale of the property under the execution, where the original petition seeks to recover damages for breach of the conditions of the bond, the claimant will not be allowed to file an amended petition, even before answer filed, which seeks to recover damages from the sheriff for the wrongful sale of the property, and from the obligors in the bond for their instigation and procurement of such sale. The cause of action, as stated in the former petition, is *ex contractu;* as stated in the latter petition, *ex delicto.* In order to a recovery upon the former petition, it would be necessary to prove the bond; to a recovery upon the latter petition, this would not be requisite. An amended petition which states an essentially different cause of action from that stated in the original petition, and which requires different proof will not be allowed. Wag. Stat., sec. 7, p. 1035, which provides for the amendment of a petition, without costs and of course, before answer filed, will not justify such an amendment. *Lottman v. Barnett*, 62 Mo. 159, distinguished.

*Appeal from Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

In the original petition the plaintiff is designated as "Thomas J. Flint at the relation and to the use of George W. Lumpkin;" in the amended petition, as "George W. Lumpkin." In the latter Thomas J. Flint is made co-defendant with the defendants named in the original petition. Both petitions state substantially that, on or about the 22nd day of February, 1872, the said Lumpkin was the owner and in possession of certain personal property, described; that, on or about that day, Thomas J. Flint, sheriff of Daviess county, did, wrongfully and without leave, but under color and by virtue of a certain execution described, levy upon, seize, take and carry away said property; that, thereupon, said Lumpkin duly notified said sheriff of his claim to the property, and the sheriff, thereupon, notified the plaintiff in said execution of the claim, and refused to sell unless the plaintiff in the execution would give him an indemnity bond; whereupon, the plaintiff in said execution delivered to the sheriff the bond filed, whereby the obligors therein bound themselves to hold said sheriff harmless from any liability incurred by him in selling the property under said execution.

The petition, as originally drawn, then proceeded as follows: Plaintiff further says that upon the execution and delivery of said bond the said Thomas J. Flint, sheriff as aforesaid, sold and disposed of the personal property above described, and the same thereby became and was a total loss to the plaintiff, Lumpkin. Plaintiff says that the defendants have not complied with the conditions of their said bond, but alleges a breach of the conditions thereof in this, that whereas, the said Thomas J. Flint, as sheriff aforesaid, under and by virtue of the execution aforesaid, on the 16th day of March, in the year 1872, did sell the property aforesaid to various persons to the damage of the plaintiff in the sum of $1300, which sum, nor any part thereof, the defendants have not paid nor satisfied, but have failed and refused, and still fail and refuse to satisfy said damages or any part thereof. Wherefore plaintiff

says that he is damaged in the sum of $1300, and prays judgment that said bond may be declared forfeited and for judgment for the amount of damages aforesaid, with interest thereon from the 16th day of March, 1872, and for such other relief as plaintiff may be entitled to.

In place of this, the amended petition proceeded as follows: That upon the execution and delivery of said bond to the said Flint, he (said Flint) without leave and wrongfully and against the will of plaintiff, and by the procurement and instigation of said defendants Collier, Davis and Cravens, proceeded to sell, and did sell and dispose of said goods, wares and merchandise, to satisfy said execution, whereby the same were wholly lost to plaintiff. Wherefore, plaintiff says he is damaged in the sum of $1300, and for which, with interest, he asks judgment.

Defendants filed a motion to strike out the amended petition for the reasons following: 1. Because a new, independent and different cause of action is set out in said amended petition from the cause of action set out in the original petition in this cause. The cause of action set out in the original petition in this cause, being an action upon a writing obligatory and brought upon a breach of the covenants of said writing obligatory, in the name of Thomas J. Flint, the covenantee therein, to the use of the plaintiff in this cause; while the amended petition is an action of trespass, or in the nature of an action of trespass against the defendants Collier, Davis, Cravens and Flint, which last named defendant was the plaintiff in the original petition, and in whose name alone said action could be prosecuted. 2. Because the plaintiff cannot amend his petition so as to recover upon another separate and distinct cause of action, requiring different proofs, different parties and a different judgment.

This motion was sustained by the court, and plaintiff electing to stand upon his petition, final judgment was rendered for defendants.

*Shanklin, Low & McDougal* for appellants, cited *Smith v. Palmer,* 60 Mass. (6 Cush.) 513 ; *Cassel v. Cooke,* 8 Serg. & R. 287 ; *Newlin v. Palmer,* 11 Serg. & R. 102 ; *Lottman v. Barnett,* 62 Mo. 159 ; *Wilhelm's Appeal,* 79 Pa. St. 120 ; *Thompson v. Moseley,* 29 Mo. 479.

*Luther T. Collier* for respondents, cited 2 Wag. Stat., § 2, p. 1012 ; *Jamison v. Copher,* 35 Mo. 483 ; *Ederlin v. Judge,* 36 Mo. 350 ; *Newton v. Allis,* 12 Wis. 378 ; *Larkin v. Noonan,* 19 Wis. 82 ; *Ball v. Claflin,* 5 Pick. 303 ; *Woodruff v. Dickie,* 31 How. (N. Y.) 164 ; *Supervisors v. Decker,* 34 Wis. 378 ; *Wiley v. Moore,* 2 Wend. 259 ; *McNair v. Compton,* 35 Pa. St. 23 ; *Whitcomb v. Hungerford,* 42 Barb. (N. Y.) 177 ; *Little v. Morgan,* 11 Foster (N. H.) 499 ; *Williams v. Hollis,* 19 Ga. 313 ; *Martin v. Russell,* 3 Scam. 343 ; *Cartwright x. Chabert,* 3 Texas 261 ; *Thompson v. Phelan,* 2 Foster (N. H.) 339 ; *Carpenter v. Gookin,* 2 Vt. 495.

HENRY, J.—The only question for determination is, whether the amendment was allowable under our practice act. The original was an action *ex contractu.* The suit was on a bond of indemnity given to the sheriff to induce him to seize certain property under an execution to which the plaintiff, relator, laid claim. The cause of action stated in the amended petition was trespass for seizing, taking and carrying away personal property alleged to have been the property of plaintiff. Appellant's counsel rely upon section 7 of our practice act, (2 Wag. Stat., p. 1035,) which is as follows : "A petition or answer may be amended by the proper party, of course, without costs, and without prejudice to the proceedings already had, at any time before the answer or reply thereto shall be filed."

There is no case in our reports which sanctions such an amendment as was made in this. In *Lottman v. Barnett,* 62 Mo. 159, the original petition was filed by plaintiff against eight defendants, of whom Barnett was one, stating that her husband was a carpenter engaged in the construc-

tion of a building, the property of defendants, and while so engaged was killed by the falling of the southern portion of said building, and that her husband's death was occasioned by the carelessness, &c., of defendants and their servants in the construction of the building. Subsequently she dismissed as to all the defendants except Barnett, and, by leave, filed an amended petition containing the same allegations as the original, but alleging that defendant, at the time of the accident, and for a long time previous, was the superintending architect in charge of said building, and was intrusted as such with the construction and completion of the same, having the entire superintendence and management of the work and materials, and that the falling of the southern portion of the building was caused by his carelessness and negligence. NAPTON, J., who delivered the opinion of the court, observed that: "Both causes of action, or rather the only cause of action asserted, either in the original petition, or the amendment, was based upon the 3rd section of our statute concerning damages." Again: "All the parties originally sued were, in fact, liable, and the *case might well have been tried on the original petition.*" "The defendant was liable on the first petition, as he was held to be on the second. *The gist of the action was the same in both,* to-wit: the death of plaintiff's husband by the negligence of the defendant, either as proprietor or architect and superintendent of the building. *It would require precisely the same evidence to support the action after the amendment as before.*" I have italicized those portions of the opinion which clearly indicate the ground upon which that decision was based. That case " might have been tried on the original petition;" this could not have been tried on the original petition. In that the " gist of the action was the same in both;" in this, while some of the facts are common, both to the case asserted in the original and that stated in the amended petition, the cause of action in the one is entirely different in its character from that contained in the other. In *Lottman v. Barnett*

"it required precisely the same evidence to support the action after the amendment as before." In this, the case could not have been made out on the original petition without proof of the bond, while that stated in the amended petition might have been established if there had never been an indemnity bond given.

The terms of section 7 will not warrant the liberal construction contended for by appellant's counsel. It does not allow an amendment which could not have been made before it was enacted; but allows such amendments as before could only be made in the discretion of the court and with costs, to be "of course without costs." There is nothing in the section, or the scope and spirit of our practice act, requiring a construction of section 7 which will introduce so radical change in the law of pleading as appellant's counsel contend has been effected. The cause of action stated in the original petition could not be united in the same petition with that stated in the amendment. Wag. Stat., § 2, p. 1012. If the amendment made by plaintiff, in this case, be permitted, there is no limit to the right to amend. An action of replevin for a horse could by amendment be converted into action of ejectment, or an action on an account into an action for slander. A defendant served with process on one cause of action, suffering a default, might be confronted with a judgment on a cause of action totally different from that which he was summoned to answer.

In the *Board of Supervisors, &c., v. Decker*, 34 Wis. 378, the court observed of the case of *Brayton v. Jones*, 5 Wis. 117: "It is there shown that an amendment before trial, which attempts to change the nature of the action from one in tort to one in contract, is properly not an amendment, but a substitution of a cause of action different in nature and substance to that originally stated." In *McNair v. Compton*, 35 Pa. St. 26, the court, Woodward, J., observed of an amended *narr.*: "We think there was error in refusing to strike off the amended *narr.* That it was intro-

ductory of a new cause of action is as certain as the distinction between actions *ex contractu* and actions *ex delicto.* The first count was for a breach of a parol promise to sell and convey land; the second was for deceit in pretending to own land contracted for." Adjudications to the contrary may be found, but as the amendment made in this case was not allowable at common law, some provision of the statute must authorize it before it can be allowed, and a reasonable and liberal construction of the terms of section 7, which is relied upon, does not authorize such an amendment. Judgment affirmed. The other judges concur.

AFFIRMED.