ABRAHAM FRANK ET AL., Respondents, v. LOUISA SIEGEL ET AL., Appellants.

January 25, 1881.

1. An action to charge the separate estate of a married woman with her indebtedness may, where the facts warrant such a proceeding, be commenced by attachment.

2. That a married woman was given credit upon her possession and ownership of a stock in trade creates no bar against a charge upon her other separate property.

3. Under the issue as to whether a married woman intended to charge her separate estate, testimony relating to an outside or collateral understanding is irrelevant and inadmissible.

4. That an equitable claim is imperfectly pleaded, in that it fails to set out the separate property of a married woman sought to be charged, does not make the proceeding a suit at law.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

A. BINSWANGER, for the appellants : A judgment against a married woman is a nullity. — *Wernecke* v. *Wood*, 58 Mo. 357 ; *Gage* v. *Gates*, 62 Mo. 412 ; *Lincoln* v. *Rowe*, 64 Mo. 138 ; *Weil* v. *Simmons*, 66 Mo. 617. The court had no jurisdiction over the property. — *Hardin* v. *Lee*, 51 Mo. 244 ; *Freeman* v. *Thompson*, 53 Mo. 194. A suit at law cannot by amendment be converted into a bill in equity. — *Holden* v. *Vaughan*, 64 Mo. 590 ; *Saline* v. *Sappington*, 64 Mo. 72 ; *Henderson* v. *Dickey*, 50 Mo. 165 ; *Lumpkin* v. *Collier*, 69 Mo. 170. The indebtedness created no charge upon the separate estate of the defendant. — *Hooton* v. *Ransom*, 6 Mo. App. 22 ; *Kimm* v. *Weippert*, 46 Mo. 532 ; *Maguire* v. *Maguire*, 3 Mo. App. 463.

PATRICK & FRANK, for the respondents : The statute authorizing attachment gives that remedy to the plaintiff in "any civil action." — *Livingston* v. *Story*, 9 Pet. 632, 656 ; *United States* v. *Cigars*, 1 Woolw. 123 ; *Rison* v. *Cribbs*, 1 Dill. 181. The decree was in perfect accord with the law and the evidence. — *Nash* v. *Norment*, 5 Mo. 545 ; *Hooton*

v. *Ransom*, 6 Mo. App. 19 ; *Miller* v. *Brown*, 47 Mo. 504 ; *De Baun* v. *Van Wagoner*, 56 Mo. 347 ; *Meyers* v. *Van Wagoner*, 56 Mo. 115 ; *Dale* v. *Robinson*, 51 Vt. 20.

Lewis, P. J., delivered the opinion of the court.

This is a proceeding, commenced by attachment, to charge the separate estate of a married woman on account of an indebtedness contracted in the purchase of goods for her stock in trade, held and used in her business as a merchant.

It is objected for the defendants that the attachment process cannot be used against a married woman under any circumstances ; that it indicates *per se* a suit at law, whereas the purpose of this action can be pursued in equity only. We do not perceive the force of the objection. In some of the States, the remedy by attachment is confined to certain causes or forms of action ; as, suits for the recovery of money only, or for damages upon money demands, or for injuries to personal property. It results that many causes of action, legal and equitable, are thus excluded. But, in this State, the plaintiff may have an attachment " in any civil action," when certain facts exist, which are independent of the foundation of the complaint. While for many purposes the distinction between law and equity, as to both rights and remedies, is still preserved, yet every demand made through the courts for civil redress, whether upon legal or equitable grounds, is a civil action. Wag. Stats. 180, sect. 1 ; Id. 999, sect. 1. There may be cases, such as suits for divorce, etc., wherein the proceeding by attachment would be wholly inapplicable, by reason of its lack of any possible relation with the nature of the relief sought. But no such lack of relation is to be found in the mere fact that the suit is for equitable relief, or that the defendant is a married woman. The writ of attachment is not a form of action. It is not a suit, either at law or in equity. It is a mere aid, by which the defendant or his property, or both,

may be brought into court to abide the result of the litigation.

The defendants assert that the original petition in this cause was as for a suit at law, while the amended petition was in effect a bill in equity ; that hence there was a departure, and the court erred in allowing the amendment. If the facts were as stated, there would be no departure within the technical meaning of the term. But the grounds of complaint, the defendant's liability, and the remedy asked for, were the same in the original and in the amended petitions. The first was defective in not setting forth the separate property to be charged with the alleged indebtedness. The equitable claim was imperfectly pleaded, but this did not make the proceeding a suit at law. The omission was supplied in the amended petition. There was no error in the amendment.

Proof that the plaintiffs gave the *feme covert* defendant credit upon her possession and ownership of the stock in trade, created no bar against the charge upon her other separate property. This is conclusively shown in *Maguire* v. *Maguire*, 3 Mo. App. 463 (following *Kimm* v. *Weippert*, 46 Mo. 532). It is there held that all testimony relating to any outside or collateral understanding is irrelevant and inadmissible upon the issue whether the married woman intended, in her undertaking, to charge her separate property.

We find no error in the record. The judgment is affirmed. All the judges concur.