Brumback v. Weinstein.

ALBERT J. BRUMBACK, Respondent, v. ANNA WEINSTEIN et al., Appellants.

St. Louis Court of Appeals, November 5, 1889.

Attachment: RIGHT TO WRIT OF. A writ of attachment cannot be sued out in aid of a suit in equity to charge the separate estate of a married woman. (Frank v. Siegel, 9 Mo. App. 467, overruled.)

Appeal from the St. Louis City Circuit Court.—HON. D. D. FISHER, Judge.

REVERSED AND REMANDED.

Albert Arnstein and David Goldsmith, for the appellants.

The circuit court erred in holding that the writ of attachment was properly sued out in this case. Such a writ does not lie in aid of an action to charge the estate of a married woman, but only in actions wherein a personal liability exists. Gage v. Gates, 62 Mo. 412; Williams v. Railroad, 8 Mo. App. 135; Bachman v. Lewis, 27 Mo. App. 81; Hoover v. Gibson, 24 O. S. 389 · 1 Wade on Att., p. 39.

*Taylor & Pollard,* for the respondent.

An attachment will lie in aid of a suit in equity to charge a married woman's separate estate in personal property, where the demand to be enforced is, in fact, a charge upon such estate. *Frank v. Siegel,* 9 Mo. App. 467 ; *Turner v. Shaw,* 96 Mo. 28 ; *Dailey v. Singer Co.,* 88 Mo. 301 ; *Merrill v. St. Louis,* 83 Mo. 256 ; *Tinsley v. Savage,* 50 Mo. 141 ; *Smith v. Taylor,* 11 Ga. 22 ; *Barlow v. Delaney,* 36 Fed. Rep. 577 ; R. S., sec. 398.

BIGGS, J., delivered the opinion of the court.

The record of this case presents but one question for our determination.

Anna Weinstein, one of the defendants, is a married woman, and at the date of the institution of this suit, and for some time previous thereto, was a sole trader, and owned in her own right, as her sole and separate property, a stock of merchandise. In conducting this business, she purchased of the plaintiff a bill of goods amounting to about five hundred dollars, and, at the expiration of the credit, failed and neglected to pay. Thereupon the plaintiff brought this action against her and her husband, by which he sought to have the amount due him declared a charge against the separate property of Mrs. Weinstein, and a decree for its sale to satisfy plaintiff's claim. At the same time and in aid of this equitable action, the plaintiff sued out a writ of attachment against the property of Mrs. Weinstein, and, by virtue of this writ, the sheriff seized a portion of the aforesaid stock of goods. The defendants gave a forthcoming bond for the property. The objection was made by Mrs. Weinstein in the circuit court that the writ of attachment was wrongfully issued and levied on her property, for the reason that she was a married woman, and this objection was presented and urged by motion to quash the attachment, by objection to any testimony

on the trial of the plea in abatement, and finally by an instruction in the nature of a demurrer to the plaintiff's evidence on the plea in abatement. The judgment of the court on the plea in abatement was against Mrs. Weinstein, and her exceptions to the rulings of the court thereon having been properly saved, the legal question involved is properly before this court for review. After the court had disposed of the plea in abatement and sustained the attachment, there was a trial on the merits, which resulted in a decree for plaintiff charging the separate property of Mrs. Weinstein with the payment of the amount found to be due. Mrs. Weinstein also objected to any testimony on this branch of the case, and duly saved her exceptions to the action of the court in overruling the objection. The case is before this court on appeal.

The right to a writ of attachment, in aid of a proceeding to charge the separate property of a married woman with the payment of a debt, has been the subject-matter or much discussion by both the supreme and the appellate courts of this state, and has resulted in a direct conflict in the decisions. The first direct reference to the subject was by the supreme court in *Gage v. Gates*, 62 Mo. 417. The court in disposing of that case said: "It is obvious that, if the wife had a separate estate in the millinery establishment, that it was attachable neither for the debts of the husband nor of the wife; and it is equally obvious that such separate estate could only be reached by appropriate procedure in equity for that purpose, and not then, unless the wife had created a charge on her separate estate by such action on her part as would accomplish that end."

The question first came before this court in *Williams v. Railroad*, 8 Mo. App. 135, where it was held that an attachment against the property of a married woman was unauthorized, and that a sale under the writ would pass no title to the property sold.

Then followed the case of *Frank v. Siegel*, 9 Mo. App. 467, in which this court asserted a contrary doctrine.

The last decision on the subject is *Bachman v. Lewis*, 27 Mo. App. 81, wherein the Kansas City court. of appeals follows *Gage v. Gates, supra*.

The opinion of the supreme court in *Gage v. Gates*. furnishes us with the law in the case at bar, and the decision of this court in *Frank v. Siegel* must be over-ruled.

It seems to be the well-settled law of this state and other jurisdictions that the issuance of writs of attachment is an exercise of special jurisdiction, and that such process can only issue in aid of an action at law. *Lackland v. Garesché*, 56 Mo. 267; *Guillhon v. Linde*, 9 Bosw. 601; *McPherson v. Snowden*, 19 Md. 197; *Buckley v. Lowry*, 2 Mich. 418; *Williams v. Gage*, 49 Miss. 777; *Curtis v. Steever*, 36 N. J. L. 304. While the decisions of other states, on account of a difference of the phraseology of the statutes, cannot be relied on. to furnish a correct rule as to the kind of legal actions. in which an attachment may be had, yet so far as our research has gone, the authorities all hold that it is a. special statutory remedy, and that the jurisdiction must be exercised solely in courts of law and in aid of legal actions.

The character of action in this state, by which the obligations of a married woman, who owns separate estate, are enforced or collected, is not an open question. A court of law does not recognize the right of a married woman to bind herself by contract. It is. only in courts of equity that the undertakings or obli-gations of a married woman are recognized as having: any validity or efficacy, and even in a court of equity such contracts do not bind the "*femme covert*" per-sonally, but are merely made the foundation for an equitable action, by which a charge is enforced against

her separate estate, owned at the date of the contract. The decree in such a case must be strictly *in rem* and and not *in personam*. In *Davis v. Smith*, 75 Mo. 224, the supreme court in discussing the nature of such a contract said: "All that can be said of it is that it is an anomalous obligation, neither binding her or her estate, general or separate, but only constituting a foundation for a proceeding in equity by which her separate property may be subjected to its payment; and until a decree to that effect is rendered it is neither a lien nor a charge upon the estate." To the same effect is *Boatman's Saving Bank v. McMenamy*, 35 Mo. App. 198. It necessarily follows from the foregoing authorities, that a writ of attachment cannot rightfully issue in aid of a bill in equity to charge the separate estate of a married woman ; and that the trial court erred in overruling Mrs. Weinstein's motion to quash the attachment, and also in overruling the demurrer presented by her to the plaintiff's evidence on the trial of the plea in abatement.

On the trial of the merits, Mrs. Weinstein also interposed an objection to the introduction of any testimony on the ground that she was a married woman, and that a writ of attachment could not properly issue against her. As we have shown, this objection was good on the trial of the plea in abatement, but just how such an objection could possibly avail the defendants on a trial of the merits, we are unable to perceive. The mere fact, that the plaintiff had improvidently or wrongfully procured a writ of attachment in aid of his suit, would not prevent him from obtaining a final decree against Mrs. Weinstein's property in the event the testimony showed that he was entitled to the relief sought. If the trial court had quashed the attachment, this would not have necessitated the dismissal of the plaintiff's action. An examination of the record satisfies us that the decree of the circuit court, so far as

it made plaintiff's claim a general charge on Mrs. Weinstein's separate property, was fully justified by the plaintiff's evidence, and that, so far as this part of the decree goes, the judgment of the circuit court must be affirmed. But the action of the court in sustaining the attachment will be set aside, and held for naught.

It will therefore be ordered that the judgment in this case be reversed, and the cause remanded, with directions to the circuit court to quash the writ of attachment, and enter a decree making the amount of plaintiff's claim a charge on the separate property of Mrs. Weinstein mentioned in the original decree. All the judges concur.