FRANK A. PRATT *et al.*, Appellants, v. LILLIAN W. WALTHER *et al.*, Respondents.

### St. Louis Court of Appeals, December 9, 1890.

**Practice, Trial: AMENDMENT.** If a suit in equity is instituted in order to charge the separate estate of a married woman with indebtedness contracted by her, and, pending the suit, she conveys the property sought to be charged by a mortgage under which it is sold, realizing more than the mortgage debt, the petition may be amended and the mortgagee made a party defendant, so as to charge the surplus in his hands with the debt sued upon. Distinctions, drawn for the purpose of determining whether an amendment amounts to the statement of a new cause of action, commented upon.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*O. B. Givens*, for appellants.

*Rassieur & Schnurmacher*, for respondents.

THOMPSON, J.—The plaintiffs filed the following petition in the circuit court of the city of St. Louis at the June term, 1889, against Lillian M. Walther and W. K. Walther, her husband:

"Plaintiffs state that, at the dates hereinafter mentioned, and at the present time, they were, and now are, partners doing business in the city of St. Louis, under the firm name of Pratt, Simmons & Co.

"That the defendant Lillian M. Walther was, at the dates of the purchase of the goods hereinafter mentioned, and up to May 1, 1889, doing business at city of St. Louis under the name of Mrs. W. K. Walther; that the defendant W. K. Walther was and is the husband of said Lillian M. Walther.

"That on and between the thirteenth day of March, 1889, and the first day of May, A. D. 1889, at the city of St. Louis, plaintiffs sold and delivered to the defendant Lillian M. Walther on her individual account, at her request, goods, wares and merchandise, the particulars of all which will more fully appear from the itemized account herewith filed and made a part hereof.

"That the defendant Lillian M. Walther promised to pay therefor the sum of $773.90 ; that said goods were reasonably worth said sum; that plaintiffs have demanded payment of the same which has been refused ; that said sales of merchandise were made to said Mrs. Walther and purchased by her with intent to charge her separate estate, consisting of her stock in trade ( which was a stock of millinery goods ) located in room number 210, Commercial Building, in the city of St. Louis, and furniture and fixtures in said room.

"And in the event of the sale of said property by said defendant or her agent, then plaintiffs ask that the funds which are the proceeds of said sale be charged with these plaintiffs' debt.

"Wherefore plaintiffs pray judgment against the defendant Lillian M. Walther for said sum of $773.90, with interest and costs, and that her said separate property be charged with the same."

In aid of this petition the plaintiffs sued out an attachment, presumably under the ruling of this court in *Frank v. Siegel*, 9 Mo. App. 467. The defendants filed a plea in abatement of this attachment, and, on trial of the issue made thereon, the plaintiffs took a nonsuit, and then moved to set the nonsuit aside. While this motion was pending, this court rendered its decision in *Brumback v. Weinstein*, 37 Mo. App. 520, overruling *Frank v. Siegel, supra*, and holding that an attachment cannot be sued out in aid of a suit in equity to charge the separate estate of a married woman. Thereupon the plaintiffs dismissed their attachment, and, by leave of court, filed an amended petition making one Otto

Schmidt a party defendant. This amended petition contained the same statements or allegations of facts, that were contained in the original petition, and, in addition thereto, the following :

"That on or about May 1, 1889, said defendant Lillian M. Walther executed a chattel mortgage or deed of trust, covering all of her separate property hereinbefore mentioned, whereby she conveyed all of said property to defendant Otto Schmidt, in trust to secure the payment of a certain promissory note for the sum of five hundred dollars, executed by her and payable to one August Reimler ; that said deed of trust or mortgage gave the trustee therein, namely, the defendant Otto Schmidt, the right to immediate possession of said property ; that said Otto Schmidt did take immediate possession thereof, and, on May 4, 1889, sold said property at public auction for a sum of money aggregating about nine hundred and fifty dollars ; that, after paying said promissory note, and all other expenses connected with said sale, out of said fund, he still had left in his hands the sum of two hundred and forty dollars, money belonging to the defendant Lillian M. Walther, and which he was bound to pay over to her under the conditions of said deed of trust, said two hundred and forty dollars being a part of the proceeds of the sale of said property, and the sole and separate property of the defendant Lillian M. Walther, and said defendant Otto Schmidt still has said sum of two hundred and forty dollars in his hands ; that said Lillian M. Walther is insolvent. and has no other property subject to execution out of which these plaintiffs can make their said debt, and that plaintiffs have no remedy at law, whereby they can enforce the collection of their said claim. Wherefore plaintiffs pray that the defendant Otto Schmidt be restrained from paying said two hundred and forty dollars over to the defendant Lillian M. Walther, or to anyone else for her, but that he be directed to pay the same into court to abide the result of this suit ; and that the plaintiffs

have judgment against the defendant Lillian M. Walther for the amount due them, to-wit, $773.90, with interest and costs, and that her said separate estate, or the said two hundred and forty dollars, be charged with the same, and for such other and further relief as to the court may seem equitable and just."

On December 4, 1889, the defendant Otto Schmidt appeared in said cause, and filed his answer to said amended petition, the same being a general denial.   On December 4, 1889, the defendants, Lillian M. Walther and W. K. Walther, filed a motion to strike the amended petition from the files, and to dismiss the cause, "for the reason that plaintiffs have abandoned their original cause of action, and should not have been permitted to introduce a new cause of action by their said amended petition."   On March 5, at the February term of said court, the following decision was rendered: "The court having duly considered the motion to strike the amended petition from the files, and to dismiss this cause, doth sustain the same, and doth order that this cause be dismissed at plaintiffs' costs, and that execution issue therefor."

The plaintiffs, having duly excepted, appeal to this court.

We are of opinion that in this ruling the court erred.   We do not regard the case as falling within the rule that an amended petition, which states an essentially different cause of action from that stated in the original petition, and which requires different proof, will not be allowed.   None of the decisions, to which we are referred, go to show that the amendment in this case stated a new cause of action.   The tests which some of the cases have attempted to lay down, by which to determine whether an amendment states a new cause of action, show the futility of attempting to lay down tests or to formulate definitions which shall embrace all possible cases.   One of these so-called tests is, that the evidence, which would support the original, would not

support the amended petition. *Lumpkin v. Collier*, 69 Mo. 170 ; *Scovill v. Glasner*, 79 Mo. 453. But, if this test is to prevail, no amendment is permissible except such as is necessary to cure mere defectiveness of statement. Obviously, it is not broad enough ; since, if an amended petition must in all cases be such that the same evidence, which would support the original, would support it, no amendment is necessary. Another so-called test is that the amended petition should embrace the original cause sued on, with a like rule in respect of the measure of damages. But of what value is this test, where, as in this case, the object of the suit is not to recover damages ?

The original petition in this case is not a petition in an action at law, as counsel for the defendants argue, but it is distinctly a petition in equity to charge the separate estate of a married woman, for the payment of a debt which she has contracted, intending thereby to charge her separate estate. This is its purpose, and for this purpose it is a good petition in all respects. But, pending the action, the equitable estate sought to be charged changed form, and passed into the hands of a new custodian ; and the question for decision simply is whether, where a suit in equity is brought to charge certain equitable assets, and those assets pass into the hands of a new custodian, the plaintiff must dismiss his suit and begin over again. If this were the rule, the defendants might, by repeatedly changing the custody of the fund, compel him to dismiss and renew his action until they had worn him out with costs and expenses.

The tests laid down by the supreme court can never be proper tests in actions of an equitable character, since in courts of chancery it has been the invariable practice to amend the bill after evidence taken, so as to make it conform to the proof, and new parties are constantly brought in, as the court can render no decree unless all the parties necessary to a complete determination of the matters in controversy are before the

court. If, therefore, in the present action, the defendant Schmidt became interested in the property sought to be charged with the proceeding, he was a necessary party, or, at least, a proper party. Our statute provides (section 2099): "When a complete determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in by an amendment of the petition, or by a supplemental petition and a new summons." That statute had in contemplation such a case as prosecuted here. The original petition states: "In the event of the sale of the property by said defendant, or her agent, then plaintiffs ask that the funds which are the proceeds of said sale be charged with the plaintiffs' debt." Bringing in the party in whose hands the proceeds are, for the purpose of charging them, is in no sense a change of the original cause of action.

One reason for the rule, that an amendment cannot be introduced which changes the original cause of action, is that, if the defendant sued on the original petition were to suffer a default, and thereafter a judgment should be entered against him, he, being willing to confess the cause of action as there stated, might, nevertheless, be estopped and concluded by a final judgment on an entirely different cause of action. To borrow an illustration from what was attempted in one case (*Fields v. Maloney*, 78 Mo. 172), he might be sued for a partition, and might be perfectly willing to submit to such *partition* as the court should order, and, neglecting the suit, might wake up to find that a judgment had been rendered against him in *ejectment*, under which he must lose his land entirely. But no such consequences attended the amendment which was here made, and no such reasons apply in this case.

A slight comparison will show that the causes of action, as stated in the original and in the amended petition, are nearly coincident. Both are, *first*, suits in equity; *second*, to charge the separate estate of the

·same married woman; *third*, for the same debt, and upon the same promise made by her, whereby she intended to charge her separate estate. The only point of divergence is that, since the bringing of the action, a portion of the estate sought to be charged has been diverted to the satisfaction of a prior lien, and that the ·residue remains in the hands of a different custodian, namely, the trustee in the mortgage which has been ·satisfied out of it. We are clear that all that was necessary was to bring in the new party, and to file an amended petition, setting out, in addition to the former grounds of relief, the new facts, and praying for the .relief originally prayed for, and, also, for the appropriate additional relief,—just as was done in this case.

The judgment is reversed, and the cause remanded. All the judges concur.