SCHWAB CLOTHING COMPANY, Appellant, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, May 13, 1897.

1. **Common ·Carrier**: CONTRACT OF AFFREIGHTMENT: PETITION: AMENDMENT: DEPARTURE: TEST. In an action against a railroad for damages for the violation of a contract of affreightment, where both the original petition and an amendment offered declared on the same shipment and the same loss, and that the loss was occasioned by the negligent act of defendant, the proposed amendment was not a departure from the original petition. The right of amendment is not to be determined by the quantity, but by the *character*, of the evidence necessary to support both petitions; nor by the quantum, but by the *standard*, of damages under both.

2. **Appeal**: RIGHT OF, AT SUBSEQUENT TERM. Where an order sustaining a motion to strike out made no reference to the filing of an amended pleading, and no further action was taken until a subsequent term, when the case was dismissed for want of prosecution whereupon plaintiff took an appeal, though the delay was unnecessary, it could not prejudice plaintiff's right of appeal.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge. ·

REVERSED AND REMANDED.

*David Goldsmith* for appellant.

The statutory requirement that an amendment shall not change substantially the claim or defense, does not refer to the form of the remedy, but to the "general identity of the transaction forming the cause of the complaint." *Culp v. Steer*, 47 Kan. 746; *Spice v. Steinweek*, 14 Ohio St. 213; *Williamson v. R. R.*, 51 N. W. Rep. 60; *Daley v. Gates*, 65 Vt. 592; *Coby v. Ibert*, 25 N. Y. Supp. 998.

Nothing is gained by requiring the dismissal of a suit and the institution of a new one, when the same thing can be accomplished by amendment without violence to the principles of law and without injustice. *Morrison v. Herrington*, 120 Mo. 665.

The trial court treats the question of damages as if it were to be determined as in the case of loss, while the damages are those applicable to cases of unreasonable delay in delivery, in which the carrier remains responsible for the safety of the property, and the consignor must receive it back, and can only recover for depreciation or other actual loss, including the expenses or losses attending its recovery. Hutch. on Carr. [2 Ed.], secs. 340, 771, 775; 3 Suth. on Dam., secs. 903, 906, *et seq.*

But if the trial court were correct in its view as to the question of damages, there would still be no difference in the measure of damages applicable to the two petitions, for the goods were consigned to Santa Anna, the point of destination under the original petition and the place with respect to which the value should be determined and that was therefore their known ultimate destination. 3 Suth. on Dam., sec. 932.

*Martin L. Clardy* and *Henry G. Herbel* for respondent.

A plaintiff can not by amendment change an action *ex contractu* to an action *ex delicto*. *Lumpkin v. Collier*, 69 Mo. 170; *Drake v. R'y*, 35 *Id.* 553; *Hausberger v. R'y*, 43 *Id.* 199; *Sears v. Loan Co.*, 56 Mo. App. 566; *Holliday v. Jackson*, 21 *Id.* 664; *Herman v. Glass*, 129 Mo. 325; *Scovil v. Glasner*, 79 *Id.* 88; *Parker v. Rodes*, *Id.* 88; *Gibbons v. Steamboat*, 40 *Id.* 256.

The original petition was predicated on a written contract, made with the defendant for the transporta-

tion of the goods over its line only, while the amended petition states a cause of action on the statute for the transportation of goods over connecting lines as well. *Hance v. R'y*, 56 Mo. App. 477; *Kenrick v. R'y*, 81 Mo. 523; *Wood v. R'y*, 58 *Id.* 115.

The cause of action alleged in the original petition is based on an agreement made by the parties, while that stated in the amended petition is one based on a duty or obligation imposed by law. R. S. 1889, sec. 944.

Plaintiff had the choice of two inconsistent remedies and having made his election, must stand or fall thereby. *McClanahan v. West*, 100 Mo. 322.

BIGGS, J.—This is an action for damages for the violation of a contract of affreightment. It was averred in the original petition that the goods were delivered by plaintiff to defendant for transportation to Santa Anna in the state of Texas; that the liability of the defendant as to the shipment was confined to its own line; that it negligently failed to deliver the goods to a connecting carrier, by reason of which they did not reach their destination within a reasonable time; that subsequently the plaintiff was compelled to duplicate the shipment, and that about a year thereafter the defendant redelivered to plaintiff a portion of the goods in a damaged condition, and that the remainder were lost altogether, to plaintiff's damage, etc. By leave of court the plaintiff filed an amended petition, in which an absolute contract to transport the goods from St. Louis to Santa Anna was averred. It was also charged (as in the original petition) that the loss of the goods was attributable to the negligence of the defendant itself. On motion of defendant the amended petition was stricken out as being a departure. The plaintiff excepted at the time to this action of the court, and

duly preserved its exception. The plaintiff having failed to file an amended petition, the court at a subsequent term dismissed the case for want of prosecution. The plaintiff in due time filed its motion to set aside the order of dismissal, which the court overruled, and to which ruling the plaintiff also saved its exception.

The only question on this appeal is, whether the proposed amendment substantially changed the claim or cause of action stated in the original COMMON carrier: petition. The statute provides that "a contract of affreightment: party may be allowed on motion to file an petition: amend- amended or supplemental petition, answer ment: depart- ure: test. or reply, alleging facts material to the cause, or praying for any other or different relief, order or judgment." R. S. 1889, sec. 2104. By judicial construction the only limitation on the right of amendment under this section is that the claim or cause of action shall not be substantially changed. In determining this question in the case at bar the trial judge applied two tests, to wit: *First*, will the same evidence support both petitions? *Secondly*, is the measure of damages the same in both? Both propositions were decided in the negative, which was conceded to be necessary to authorize the conclusion reached. As to the first it was held, that "it was essential to prove under the original petition, but not under the amended petition, that the defendant failed to deliver the goods shipped to a connecting carrier within a reasonable time," and as to the second that "the measure of damages under the original petition was the market value of the goods at the junction of defendant's road with that of the connecting carrier, less freight, and under the amended petition it was such market value at Santa Anna, less freight, and these market values might be different."

Before we proceed to the discussion of the first

question it might be profitable to refer to the adjudicated cases. In *Scovill v. Glasner*, 79 Mo. 449, Judge PHILIPS said that "the least that could be exacted in the exercise of the right of amendment is, that the amended petition should embrace the original cause of action sued on, with a like rule in respect of the measure of damages." In that case the original petition was in trover for certain goods, and the amended petition charged that the defendant had maliciously sued out a writ of attachment and caused the goods to be seized and sold at a sacrifice. Held that the second petition was not an amendment of the first, but a substitution for it, as the two causes of action were essentially different, so much so that proof that would sustain the one would *wholly* fail to support the other.

In *Lumpkin v. Collier*, 69 Mo. 170, the original petition declared on a bond of indemnity given to the sheriff to proceed with a levy upon property to which the plaintiff made claim. The cause of action as amended was trespass for carrying away personal property belonging to the plaintiff. This was a clear departure (and it was so held by the supreme court), for the reason that a cause of action *ex contractu* can not be changed by amendment to an action *ex delicto*. This is the changing of the nature of the action.

In *Lottman v. Barnett*, 62 Mo. 159, the amendment was sustained. There the original petition declared against the defendant Barnett and eight others. The complaint was that the plaintiff had been injured through the negligence of the defendants in the construction of a building. By amendment the action was dismissed as to all parties except the defendant. It was averred in the amended petition that Barnett was the superintending architect of the building; that he was in sole charge of its construction, and that the falling of the wall (by which plaintiff's husband was

killed) was caused by the negligence of Barnett in the construction of the building, and in his direction and management of the work, and the use of improper and unsafe materials. The court said that the gist of both actions was that the plaintiff's husband lost his life through the negligence of the defendant, either as proprietor or architect of the building, and that "it would require precisely the same evidence to support the action after the amendment as before, *nor would it be an objection that the proofs might not have sustained the original petition, for the object of an amendment is to obviate this variance."*

In *Parker v. Rodes*, 79 Mo. 88, the first petition was for trover or conversion of goods. The second or amended petition stated a cause of action for deceit. The amendment was held to change the cause of action.

So in *Fields v. Maloney*, 78 Mo. 172, the amended petition changed the cause of action from partition to ejectment.

The same ruling was made in *Heman v. Glann*, 129 Mo. 325. There the original petition declared on a trust agreement which contained conditions, compliance with which had to be shown to entitle the plaintiff to a recovery. The amended petition declared for money loaned unconditionally.

In *Sims v. Fields*, 24 Mo. App. 557, the cause of action stated in the first petition was for a statutory wrong in the removal of a partition fence. The amended petition predicated the right of recovery on the violation of a private agreement in reference to the fence. It was held that the amended petition was a departure, for the reason that the proof required to sustain the allegations in one petition was *entirely different* from that required by the amended petition, and that this difference was as to the *character* of the proof, and not as to the *quantity* only.

In *Scars v. Loan Co.*, 56 Mo. App. 122, the same conclusion was reached. There the cause of action stated in the first petition was for damages against the defendant corporation for the conversion of a note. The plaintiff amended his petition by making the stockholders of the corporation defendants, and he sought to hold them for the value of his note under section 2519 of the statute.

In all of the foregoing cases the departures were clear, in that the evidence required to support the amended petitions was different in *character* from that necessary to establish the averments in the original petitions. In other words, proof of one would *wholly* fail to prove the other, which would show that the identity of the original cause of action had been destroyed by the amendment. This is the purport of the decisions, and when the supreme court says that the same evidence must support both petitions, it certainly meant that the *character* and not the *quantum* of the evidence must be the same, for if both the quality and quantity of the evidence must be the same, there could not be a substantial amendment in any case. This is clearly indicated in the decisions in *Lottman v. Barnett, supra, Scovill v. Glasner, supra*, and *Sims v. Fields, supra*. Besides this view brings the law of the state in harmony with the rulings of the courts in sister states having the same statute. Thus in *Culper v. Steer*, 47 Kan. 746, and *Spice v. Stewart*, 14 Ohio St. 213, it was decided that the statutory requirement that an amendment "shall not change substantially the claim or defense," does not refer to the form of the remedy, but to the *general identity* of the transaction forming the cause of complaint. In *Williamson v. R. R.*, 51 N. W. Rep. 60, the supreme court of Iowa decided that "when the *gist* of the action remains the same, although the alleged incidents are different, the

plaintiff has the right to withdraw the original declaration and file an amended one." In *Daley v. Gates*, 65 Vt. 592, it was said that "as long as the plaintiff adheres to the contract or injury actually declared on, an alteration of the *modes* in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action." The test applied in *Coby v. Ibert*, 25 N. Y. Supp. 998, was "would the recovery on the original complaint be a bar to a recovery under the amended complaint?"

Now, let us apply the first test to the case in hand. The *gist* of the original complaint was that the plaintiff delivered to the defendant a lot of goods to be transported from St. Louis to Santa Anna; that the goods did not arrive, and that they were lost through the negligence of the defendant. The petition then declares that Santa Anna is not on the defendant's line, and that under the contract of shipment the defendant agreed only to transport the goods to the junction of its road with that of a connecting carrier, and there delivered them to such connecting carrier, and that the goods were lost by reason of the failure of the defendant to so deliver them. In the amended petition it was averred that the contract of shipment from St. Louis to Santa Anna was absolute. It was alleged, however, that the goods were lost by the negligent act of the defendant itself. Did this amendment destroy the identity of the original cause of action? We think not. Both petitions declare on the same shipment and the same loss, and that the loss was occasioned by the negligent act of the defendant. The evidence required to establish the averments in the amended petition might be inadequate to complete proof of those in the original, but the *character* of the proof would be the same, that is, it would tend to prove the negligence of the defendant in the transportation of the goods, which is

the gist of both complaints. This is what Judge NAP-TON means in his decision in the *Lottman* case, where he says that it would not be an objection to an amendment that the proofs under it might not have fully sustained the original petition.

In addition we may suggest here that the test "that the evidence must be the same," rests on mere *dicta*. It was first declared *arguendo* by Judge HENRY in *Lumpkin v. Collier, supra*. His discussion was predicated on an observation by Judge NAPTON in his opinion in *Lottman v. Barnett, supra*, that there the evidence required to support the amended petition was precisely the same as that necessary to sustain the original petition. But a close examination of the opinion will show that Judge NAPTON did not adopt, nor did he intend to adopt, any such test. So in *Scovill v. Glasner, supra*, Judge PHILIPS, in reviewing the *Lumpkin* case, said that the test had been approved in that case. Judge PHILIPS did not, and could not, have applied the test in the *Scovill* case, for the reason that the departure had been waived by the defendant answering the amended petition. Therefore whatever he may have said in that case is likewise not authoritative. In this way this test has crept into the law of the state.

The true rule as we gather it from the decisions in this state and elsewhere is, that the proposed amendment must not change the nature of the cause of action, nor destroy the identity of the original transaction. Thus, if A sues B for the conversion of a horse, he can not amend so as to recover for money had and received in the sale of the horse. This would change the nature of the action, although the evidence in the two actions might be precisely the same. Again, if A should sue B for the conversion of a horse, he could not amend so as to recover for the conversion of an ox. This would change the identity of the transaction.

We are also of the opinion that the circuit court was wrong in its application of the second test. The measure of damages under both petitions was the value of the goods at Santa Anna, less the freight. The goods were consigned to a third party at Santa Anna. Mr. Sutherland, in his work on Damages (vol. 3, sec. 932), says, that "if the goods are marked and known to the carrier to be destined to a point beyond the terminus of his route, and he becomes liable for a loss of them, or for damages for a negligent delay, there is some diversity as to whether the damages should be estimated with reference to the market value at the end of his route or at the ultimate destination. On principle, the value at the latter place should be the criterion." But the conclusion reached is erroneous on the broader ground that the damages under the original and amended petition need only be determined by the *same standard*. It does not affect the matter that the quantum of damages may be different. Thus, if A should sue B, alleging a conversion of goods in St. Louis, and he subsequently ascertained that the conversion occurred in the city of New Orleans, he would not be compelled to bring a new action, for the reason that the standard for measuring the damages, to wit, the market value of the goods with interest, would be the same in both cases, and the fact that the amount of the recovery might vary as the market values of the goods in St. Louis and New Orleans might differ, could in no wise interfere with the right of amendment.

There is a motion to dismiss the appeal for the reason that it was not taken at the same term that the motion to strike out was determined. The statute provides that when a pleading is held insufficient or is stricken out on motion, "the party may file a further like pleading within such time as the court shall direct." Sec. 2066. The

RIGHT of appeal at subsequent term.

Planing Mill Co. v. Allison.

order sustaining the defendant's motion to strike out made no reference to the filing of an amended pleading. No further action was taken in the case until a subsequent term. Then the case was called and dismissed for want of prosecution, as the plaintiff declined to file another petition. Thereupon the appeal was taken. The delay was unnecessary, but it could not prejudice the plaintiff's right of appeal, a right which he could not exercise until there was a final judgment in the case.

The judgment of the circuit court will be reversed and the cause remanded. All the judges concur.