### SEYMORE v. FRANKLIN.

(Circuit Court, W. D. Missouri, W. D. January 16, 1899.)

No. 2,090.

PLEADING—AMENDMENTS—DEPARTURE.

> Where a petition on which plaintiff obtained an attachment against property of defendant, a nonresident, counted on judgments which were described, the dates, amounts, and parties being given, plaintiff will not be permitted to file an amended petition, after defendant has appeared, setting up judgments of different dates and amounts, and between different parties, such amended petition not being a continuation of the original action, but the substitution of a new cause of action.

On Motion to Strike Out Amended Petition.

Charles Thomas and Johnson & Lucas, for plaintiff.
Wollman & Wollman, for defendant.

PHILIPS, District Judge. On the 26th day of April, 1894, the plaintiff brought suit in the circuit court of Andrew county, Mo., against the defendant by attachment. The plaintiff is a citizen and

resident of the state of Iowa, and the defendant is a citizen and resident of the state of Illinois. Under the writ of attachment issued therein, a lot of personal property, alleged to belong to the defendant, was seized in said Andrew county. To this action the defendant appeared, gave a delivery bond, and retained possession of said property. On his petition the cause was removed into the United States circuit court for the St. Joseph division, and by written consent of parties the cause was transferred to this division. The plaintiff has filed an amended petition herein, which the defendant moves to strike out, on the principal ground that it substitutes a new cause of action.

To more clearly present the differences between the original petition and the amended petition, the court will state, in juxtaposition, the original and amended causes of action:

### Original Petition.

First count: The petition alleges that on the 6th day of March, 1888, in the district court of Taylor county, state of Iowa, the plaintiff recovered against the defendant and one J. C. Johnson and P. C. King a judgment for the sum of $2,000, with six per cent. interest thereon from December 13, 1881; that on said judgment there was paid on May 13, 1889, the sum of $1,380.57, and the further sum of $463, derived from the sale of land in St. Clair county, Missouri.

Second count: The second count alleges that on the 6th day of March, 1888, by the judgment of said court in Taylor county, state of Iowa, one R. A. Toler recovered against the defendants named in the first count a judgment for the sum of $1,700, with six per cent. interest thereon from December 13, 1881; that on said judgment there was paid, May 13, 1889, the sum of $1,809.05, paid by one Berry; that on the ——— day of April, 1894, said judgment was sold and assigned to the plaintiff; and that, after deducting said payments

### Amended Petition.

First count: The amended petition, in the first count, alleges, in substance, that on the 13th day of December, 1881, the defendant, Lesser Franklin, with one Peter C. King and Joseph C. Johnson, in consideration of the sum of $2,000, executed and delivered to plaintiff a warranty deed for the southeast quarter of section 36, township 70, range 34, in said county of Taylor, state of Iowa. Said deed contained a certain covenant and warranty of title. The petition avers the breach of this warranty, in that one Eunice Hodgin was at the time of the execution of said deed seised of a life estate in said lands, and one Ben H. Steele, Alonzo Doudny, and Martha Outlander were seised in fee of the said premises, and that these seisors, in said county of Taylor, brought an action of ejectment for the recovery of said land, of which suit in ejectment the defendant and said King and Johnson were duly notified, and required to defend said title; that the defense made thereto was unsuccessful, and that the defendants therein were ejected from said premises. It is then alleged that the plaintiff expended in and about the defense of said suit the sum of $500, and judgment is asked for said sum of $2,000, the purchase consideration of said land, and said sum of $500, with six per cent. interest thereon from December 13, 1881. A credit of $1,380.57 on May 13, 1889, is given on said judgment, and judgment is prayed for $2,692.11, balance due.

Second count: The petition then proceeds as follows: "And for a second count of this petition, but not for an additional cause of action," plaintiff alleges that on the 6th day of December, 1888, he recovered in said Taylor county court, in Iowa, against the defendant Franklin and said King and Johnson, a judgment for the sum of $3,100 for debt and for costs, in a suit wherein said Eunice Hodgin, Alonzo Doudny, Ben H. Steele, and Martha Outlander were plaintiffs, and this defendant and said King and Johnson et al. were defend-

and computing the interest, there remains due to plaintiff the sum of $2,321.30, for which judgment is asked.

ants, on which judgment there has since been paid the sum of $1,380.50; and prays judgment for the sum of $2,361.91, balance due thereon.

Third count: The third count is for a further cause of action against the defendant, which alleges that in December, 1881, this defendant and said King and Johnson sold to one David E. Funkhouser, for a consideration of $1,700, the southeast quarter of section 30, township 69, range 34, situate in said Taylor county, state of Iowa; that thereafter, on the 2d day of January, 1882, said Funkhouser conveyed said land to one R. A. Toler for a consideration of $1,800 cash and the assumption of a mortgage placed thereon by said Funkhouser of $200; that both of said deeds contained certain covenants of warranty of title, which said covenants, the petition alleges, were broken, and that on the ——— day of June, 1889, one Eunice Hodgin brought suit in the circuit court of said Taylor county, Iowa, against the plaintiff, R. A. Toler, and said Johnson and King and this defendant and one Berry and said Steele, Doudny, and Outlander, to have said deeds of conveyance aforesaid set aside and vacated; that final decree was entered thereon against said defendants in November, 1888; that said Toler, in defending said last-named suit, expended the sum of $500; that this sum of $500 and the sum of $1,700 purchase money have been due thereon since January 6, 1882, and that the plaintiff claims as assignee under said Toler; that there has been collected thereon $809.05, May 13, 1889, and judgment is prayed for a balance of $1,804.44.

Fourth count: The amended petition then proceeds: "And for a fourth count, but not an additional cause of action to that stated in the third count of the petition," that on the 9th day of December, 1888, in said district court of Taylor county, Iowa, in a certain suit wherein Eunice Hodgin was plaintiff and this defendant and Joseph C. Johnson, Peter C. King, R. A. Toler, Samuel Berry, et al., were defendants, the said Toler recovered judgment against this defendant and Peter C. King and Joseph C. Johnson in the sum of $2,800, and costs, taxed at $63, which judgment bears interest at six per cent. per annum from the 6th day of January, 1882; and there has been paid thereon the sum of $1,809.05; and plaintiff sues as assignee of said Toler, alleging that there is now due on said judgment the sum of $2,592.37 and interest thereon, and asks judgment for the sum of $4,954.28, with interest thereon.

From the foregoing comparison it is quite apparent that the petitions are for different causes of action. The first count of the original petition is simply an action to recover on a judgment alleged to have been recovered by the plaintiff against the defend-

ant and Joseph C. Johnson and Peter C. King, rendered the 6th day of March, 1888, with two credits thereon of $1,380.57 and $163, paid May 13, 1889. The second count of the original petition is an action on a judgment of date March 6, 1888, alleged to have been recovered by one Toler against this defendant and said Johnson and King for $4,700, with 6 per cent. interest from December 13, 1881, entitled to a credit, May 13, 1889, of $1,809.05, alleged to have been assigned to plaintiff in April, 1894; balance claimed is $2,321.30. The first count of the amended petition is for a breach of covenant of title to certain lands sold by this defendant and said Johnson and King to the plaintiff, with a claim of damages for $2,692.11; while the second count of the amended petition, with the singular statement that it is not an additional cause of action, alleges that on the 6th day of December, 1888, the plaintiff recovered against the same defendants a judgment for the sum of $3,100 in the ejectment suit last above named, and judgment is asked for $2,361.91, but not in addition to the sum mentioned in the first count. And the third count of the amended petition counts on a sale of other real estate by this defendant and said Johnson and King to one Funkhouser, who sold to one Toler, which deeds were set aside at the suit of one Eunice Hodgin, and judgment is prayed for $500 expenses in and about defending said suit by said Toler and $1,700 purchase money paid by Toler to said Funkhouser; and plaintiff sues, as assignee of that judgment, for a balance of $1,804.44. If the amended petition does not count upon new and substituted causes of action, and is not a continuation of the original cause of action, my analysis of these pleadings is at fault. There is nothing whatever in the original petition to indicate that the defendant, Franklin, ever conveyed to the plaintiff, or anybody else, any land with covenants of title which had been broken, and that it was intended to recover from the defendant damages resulting therefrom, whether based on judgment or otherwise. If it be said that, inasmuch as the original petition did not state the contract or transaction on which the judgment arose, it is no departure to recite such facts by way of inducement, the answer is that the judgment counted on in the first count of the original petition is described as having been recovered on the 6th day of March, 1888, in favor of the plaintiff against the defendant and J. C. Johnson and P. C. King, which is entitled to credits of a given amount, and of a certain date; whereas the first count of the amended petition counts on a judgment in favor of a different party, in an action of ejectment, and recovery is sought for the original purchase money and $500 expended in the defense of the action of ejectment, from which it is apparent that it is not based on a judgment at all inter partes. And, while protesting that the second count of the amended petition is not intended to be predicated of an additional cause of action, it nevertheless alleges a judgment between different parties plaintiff and defendants, of a different date, and for a different sum. To sustain such an amendment it must, therefore, be held that a party may bring suit in attachment in this state against a nonresident defendant, based upon a certain described judgment, and obtain jurisdiction by seizure of the property of the defendant within the state, and

then, after the nonresident defendant has thus been induced to enter his appearance and give a forthcoming bond for the property seized, the plaintiff may abandon the original cause of action, to wit, a given judgment of a particular date, for a given sum, and substitute the history of an action for breach of covenant on a deed of conveyance and for moneys expended in the defense thereof, in which a judgment of a different date and for a different sum is claimed. As said by the supreme court of this state in Lumpkin v. Collier, 69 Mo. 170, if this be permissible, "a defendant served with process on one cause of action suffering default might be confronted with a judgment on a cause of action totally different from that which he was summoned to answer." In this case, for instance, the writ of attachment, as already stated, was obtained against the nonresident defendant on a simple action of debt, based upon certain alleged judgments obtained in the state of Iowa, stated in the form of two counts, with varying statements, made, doubtless, to meet the possible state of the evidence as to whether the judgment was one way or the other as to the plaintiffs and defendants therein, wherein the amount of the judgment prayed for is a balance of $2,321.30, to which the defendant was induced to enter his appearance and give a forthcoming bond for the attached property; whereas in the amended bill two other distinct substituted causes of action are interposed,—one growing out of a breach of covenant in warranty deeds, alleged to have been set aside, whereby the defendant is attempted to be held for the consideration money in the deed of conveyance and for expenses in defending the same, and the others are judgments obtained between different parties than those named in the original petition, of different dates, and the plaintiff sues as assignee of the judgment creditor, and claims judgment in the aggregate sum of $7,646.39.

Under the Code of Missouri, amendments of pleadings are allowed with liberality, but always subject to the qualification that they must be in furtherance of justice, and with the further limitation that the amendment must be a continuation of the original action, and not the substitution of another cause of action. The rule is succinctly stated by the supreme court in Buel v. Transfer Co., 45 Mo. 562, as follows:

"Where the amendment sets up no new matter or claim, but is a mere variation of the allegations affecting a demand already in issue, then the amendment relates to the commencement of the suit, and the running of the statute is arrested at that point; but where the amendment introduces a new claim, not before asserted, then it is not treated as relating to the commencement of the suit, but as equivalent to a fresh suit upon a new cause of action."

Another test as to whether or not it is the same cause of action, to a limited extent, is applied by the supreme court of the state, and that is whether the evidence essential to sustain substantially the original cause of action would be admissible to sustain the amended cause of action. Lumpkin v. Collier, supra, and Scovill v. Glasner, 79 Mo. 449. Nor is the contention of plaintiff's counsel correct that, inasmuch as the different causes of action stated in the two petitions might have been embraced in the original petition in separate counts, the same end may be accomplished by setting out, by way of substi-

tution, the other causes of action in the amended petition.  Scovill v. Glasner, supra.  It has been expressly held that, where a party sues upon a contract under which he claims as assignee, he cannot amend so as to count on a contract alleged to have been made directly with himself.  Bigham v. Talbot, 63 Tex. 271, approved in Railway Co. v. Wyler, 158 U. S. 292, 15 Sup. Ct. 877.  The converse of this proposition must obtain,—that where the plaintiff, as in this case, first declares on a judgment obtained in his favor against certain named parties, or on a contract between him and such parties, he cannot amend by declaring as an assignee of the judgment obtained between the other parties, or of a right of action inhering in other parties. In Sicard v. Davis, 6 Pet. 124, the plaintiff brought an action of ejectment, laying his demise as having been made by Stephen Sicard on January 30, 1815, and at a subsequent term of court he was given leave to amend by laying the demise in the name of the heirs of the original grantee, Joseph Phillips, and others, to whom the land had been conveyed before the execution of the deed under which Sicard acquired title.    In respect of this, Chief Justice Marshall said that "limitations might be pleaded to the second allegation, though not to the first, because the second count in the declaration, being on a demise from a different party, asserting a different title, was not distinguishable, so far as respects the bar of the act of limitations, from a new action."  In short, this amended petition is a clear departure from the original petition within the principle of the ruling of the supreme court in Railway Co. v. Wyler, supra.    Among the instances given in illustration of the rule is that an action of assumpsit, changed by amendment into an action of debt, is a substitution, and not an amendment.    Crofford v. Cothran, 2 Sneed, 492.   The motion to strike out the amended petition is sustained.